[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Leroy Harris, brings this petition for a writ of habeas corpus asserting that the attorney who was CT Page 7481 appointed as his counsel both for his trial and his appeal was so ineffective and performed in a manner so below the level of competence for criminal trial attorneys that he was deprived of his right to counsel guaranteed by the Sixth Amendment to the Constitution of the United States and Article I, Section 8 of the Connecticut Constitution. The trial at issue resulted in the petitioner's conviction in 1989 on three counts of robbery in the first degree and one count of sexual assault in the first degree.
He was sentenced to a term of incarceration of twenty years on each count, with the sentences to be served consecutively to each other and to a sentence that had been imposed upon the petitioner after his conviction on the charge of escape while he was in custody in connection with the robbery and sexual assault charges. He filed an appeal from his 1989 convictions, which were upheld. State v. Harris, 22 Conn. App. 329 (1990).
His conviction on the escape charge occurred in 1986 and he filed a petition for habeas corpus on December 21, 1988. On November 16, 1990, that petition was dismissed by the court (Dunn, J.) for failure to prosecute it with reasonable diligence.
I. Abuse of Writ
As a preliminary issue, the respondent contends that the petitioner's failure to amend his 1988 habeas petition to add his claims arising from the trial in 1989 constitutes an abuse of the habeas corpus remedy, and that such failure precludes him from asserting his claims concerning the robbery and sexual assault trial and appeal in this separate petition.
While successive or piecemeal challenges to the same conviction and sentence have been held to constitute an abuse of the habeas remedy; McClesky v. Zant, ___ U.S. ___,111 S.Ct. 1454 (1991); Wainwright v. Sykes, 433 U.S. 72 (1977), the respondent cites no precedent holding that a petitioner must amend a petition attacking one conviction to add his challenge to a later, unrelated conviction. There is no indication that the petitioner has ever previously raised by petition for habeas corpus any of the issues raised in the petition before the court, or that he has filed any prior habeas petition addressed to the conviction at issue in this petition.
Accordingly, the court finds that the petition is not subject to denial or dismissal for abuse of the writ. CT Page 7482
II. Ineffective Assistance of Counsel
The petitioner was arrested in September 1984 and charged with three counts of robbery in the first degree and one count of sexual assault in the first degree as to events including the theft of a car and attacks on two women on May 21, 1983. The victims reported to the police that sometime after midnight on that date, they were driving on Hamilton Street in New Haven when their car was blocked by a green 1973 Chevrolet and stopped by three black males, one of whom appeared to have a gun. The women reported that one of the men opened the car door and demanded that they turn over their jewelry, that two of the men sexually assaulted the women and that two of the three men then left and the third drove the women to an alley and sexually assaulted one of them a second time, then left. The three men were using a 1973 green Chevrolet which they had stolen after threatening its driver with a gun or fake gun the same evening.
The petitioner was arrested more than a year later after Jerome Downing, who had been arrested and charged in connection with the same crime, identified him as an accomplice in the crimes.
The petitioner fled from custody while being arraigned as to the robbery and sexual assault charges on September 18, 1984. He was arrested on May 11, 1986, and charged with escape. He was convicted of the charge of escape in the first degree in 1986.
On April 12, 1989, a jury convicted the petitioner of the three counts of robbery in the first degree and one count of sexual assault in the first degree. The same attorney, Patricia Buck Wolf, represented the petitioner at trial and on his appeal from his conviction, in which his conviction was affirmed, see State v. Harris, 22 Conn. App. 329 (1990).
The petitioner has claimed that counsel was so ineffective, both at trial and upon his appeal, that he was deprived of his Sixth Amendment right to be represented by counsel.
It is useful initially to set forth the standard applicable to claims of ineffective assistance of counsel. The Connecticut Supreme Court has adopted the standard announced by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668,687 (1984): CT Page 7483
 First, the defendant must show that counsel's performance was deficient. . . Second, the defendant must show that the deficient performance prejudiced the defense.
See Bunkley v. Commissioner of Correction, 222 Conn. 444,446 (1992); Falby v. Commissioner of Correction, 32 C.A. 438, 443 (1993). Ineffective representation has been defined as representation not "within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 347 U.S. 759,770-71 (1970). The defendant must show that counsel's peformance [performance] fell below an objective standard of reasonableness and was outside the wide range of competent professional assistance. Strickland, supra.
Prejudice from the performance found to be outside the wide range of competence must be shown by establishing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." id.
The Connecticut Supreme Court has ruled that in order to prevail on a claim of ineffective assistance of counsel, a petitioner must establish that counsel's errors were such as to give rise to "a probability sufficient to undermine confidence in the outcome" of the trial. Bunkley, supra, 222 Conn. at 445-446; 456 n. 14.
In their presentations and briefs, counsel have concentrated on the competence or lack of competence of defense counsel at trial, and have devoted little attention or advocacy to the issue of whether any deficiencies in counsel's performance created prejudice as defined above. The Connecticut Supreme Court has approved consideration of the issue of prejudice first, recognizing that if the evidence is such that the outcome cannot be seen as unreliable, the court need not dissect trial counsel's performance. Nardini v. Manson, 207 Conn. 118, 124 (1988). The court must consider the totality of the evidence before the jury. Strickland, at 695.
Though the victims were not able to identify the petitioner CT Page 7484 as one of the perpetrators when they were initially shown photo arrays, Jerome Downing gave a statement to the police when he was arrested, naming the petitioner as one of the three perpetrators. Downing either failed or refused to identify the defendant at trial, however his prior sworn, videotaped statement was admitted into evidence for its substance. State v. Whelan, 200 Conn. 743
(1986). Downing's testimony was not the sole evidence of Harris' participation. Police Detective John D'Attilo testified that the petitioner had been interviewed on December 16, 1983 and had given the police information that Jerome Downing and Pukey Myers were responsible for sexual assaults and robberies on Hamilton Street in May (Transcript, p. 294). Though the petitioner told the police that he knew of this only because he had heard Myers and Downey discussing the events, this revelation of the petitioner's knowledge of the crimes confirmed Downing's statement that he was a perpetrator. The man from whom the 1973 Chevrolet was stolen identified the defendant as one of the young men who had robbed him of car keys belonging to a green 1973 Chevrolet and money in a parking lot on Whalley Avenue earlier the same evening (Tr. p. 60), and one of the female victims identified Pukey Myers in a line-up, confirming the truth of one of Jerome Downing's statements as to who one of his companions had been. Additionally, Jerome Downing identified a photgoraph [photograph] of the petitioner as depicting the person he had named as a fellow perpetrator (Tr. p. 272).
The foregoing evidence establishes that any deficiencies in the work of defense counsel were not shown to have led to an unreliable result at trial.
Though the court has decided the petition on the basis of a failure to show prejudice within the meaning of Strickland and Bunkley, one claim of ineffectiveness requires some discussion. The petitioner claims that Attorney Wolf's entire advocacy was diminished because she was also an advocate for victims of sexual crimes and battered women. This claim, implying a pervasive lack of strenuous advocacy, was not shown to have a factual basis, as counsel's activities in these areas were not shown to have begun until after the petitioner's trial. The court expresses no opinion as to whether such advocacy could constitute a basis for a finding of ineffective assistance.
The petitioner further claims ineffective assistance of appellate counsel as to Attorney Wolf's failure to raise the following issues on appeal: CT Page 7485
 1. a claimed error in the charge to the jury in the definition of a "pistol" or "revolver," which the petitioner claims is "a required element of robbery in the first degree"; and
 2. a claimed confusion in the judge's instruction as to whether the elements of 53a-70(a)(1) C.G.S., the actual charge, or 53a-70a C.G.S., an offense with which the petitioner was not charged, were described to the jury as elements of the offense of sexual assault in the first degree.
In Bunkley v. Commissioner of Corrections, supra at 454, the Connecticut Supreme Court ruled that a petitioner claiming ineffective assistance of appellate counsel must show not that an appeal would have been successful but for counsel's performance, but that because counsel failed to raise a particular claim, there is a reasonable probability that the petitioner remains burdened by an unreliable determination of his guilt.
The two issues claimed to have been incompetently omitted from the petitioner's appeal give rise to no such showing of unreliability. All of the victims described seeing what they took to be a gun in the hand of one of the three participants. Jerome Downing testified that he and his companions did not have an actual gun but a facsimile of a gun. Section 53a-134(a) C.G.S., the statute under which the petitioner was charged as to each of the three robberies, includes as an element of the crime not just the actual or threatened use of a dangerous instrument but also the display or threat to use what the person or other participant represents by words or conduct to be a "pistol, revolver, rifle, shotgun, machine gun or other firearm." [emphasis supplied].
Since the elements of the crimes are not restricted to use or representation of possession of a pistol or revolver, the failure of the trial court to describe these varieties of firearms could not have resulted in a reversal of the convictions. Given the copious testimony concerning the display of what the participants in the robberies represented by conduct to be a firearm of some sort, the verdict cannot be seen to be CT Page 7486 unreliable with regard to this element of the offense charged.
As to the second claim of ineffective appellate advocacy, the court finds that the trial judge advised the jury as follows on the charge of sexual assault in the first degree:
 In order for you to reach a verdict of guilty on this count, you must find beyond a reasonable doubt that all of the elements of the offense were proven, and, namely, that the defendant compelled the victim to submit to sexual intercourse by the use of force or by the threat of the use of force which reasonably caused her to fear physical injury. You must all agree on which acts the defendant committed in order to convict him of sexual asault [assault]. As I said before, if the State has failed to satisfy you beyond a reasonable doubt of any one of these elements, you must find the defendant not guilty.
The court does not find that the cited charge failed to state the elements of the offense charged or confused them with the elements of the crime of aggravated sexual assault in the first degree, 53a-70a C.G.S., and the words of the charge do not raise a reasonable probability that failure to include petitioner's present claim in his appeal rendered the result unreliable.
The court does not find that the petitioner has proven prejudice from the failure of appellate counsel to raise the claims identified in his petition.
CONCLUSION
The petitioner has not proven that any deficiencies in the performance of his trial and appellate counsel caused him prejudice within the applicable legal standard.
The petition is dismissed.
Beverly J. Hodgson Judge of the Superior Court CT Page 7487