[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Ramon Rivera, has filed a petition for writ of habeas corpus alleging illegal incarceration by reason of ineffective assistance of counsel, both at trial and on appeal.
The subject petition was filed on January 26, 1996. Counsel was appointed to represent the petitioner and an amended petition was filed November 22, 1996; the respondent filed his return and special defense on February 10, 1997. The petitioner filed his reply on June 18, 1997.
A hearing on the petition opened on December 5, 1997, continued on February 11, 1998, March 26, 1998 and to April 24, 1998, when the matter was continued for briefing. The respondent's brief was filed on or about February 24, 1999. Subsequently it was discovered that the petitioner's brief, apparently filed on or about November 6, 1998, had not been placed in the court file. The petitioner supplied a copy to the court, which was received June 2, 1999.
 II
The petitioner was the defendant in a case entitled State ofConnecticut v. Ramon Rivera, No, CR93-140332, in the Judicial District of Hartford/New Britain at Hartford, charged in a two-count substitute information with sale of narcotics by a non-drug dependent person in violation of General Statutes, Section 21a-278(b) and conspiracy to sell narcotics by a non-drug dependent person, in violation of General Statutes, Sections CT Page 773053a-48(a) and 21a-278(b).
Following a jury trial in May, 1994, the petitioner was acquitted of the first count but was convicted on the lesser included offense of possession of narcotics, in violation of General Statutes, Section 21 a-279(a); and convicted on the second, conspiracy, count. On June 17, 1994 the petitioner was sentenced to a term of fifteen years on the conspiracy count and seven years on the possession count, the sentences to run concurrently. The petitioner appealed his convictions and the convictions were affirmed, State v. Rivera, 38 Conn. App. 916
(per curiam), cert. denied, 235 Conn. 911. The petitioner was represented, both at trial and on appeal, by Attorney Leonard Crone.
 III
The petitioner's convictions stem from a sale of narcotics to an undercover officer, Keith Mellon, a detective in the Bristol Police Department. It was alleged that Mellon arranged to purchase drugs from the petitioner at the petitioner's residence at 235 Marimac Drive in the City of New Britain. The officer testified that on December 23, 1992, he went to that address to purchase narcotics; that the petitioner telephoned to Waterbury to determine if narcotics were being transported to the residence, that after a delivery to the address by two unknown individuals from Waterbury, Mellon purchased five "bundles" of heroin from the petitioner. Certain telephone records were entered into evidence, said records reflecting calls made from the said residence to Waterbury circa the time of the events described. Officer Mellon testified that he wore a "body mike" and the purchase of narcotics was monitored by an Officer Samsel, who also testified at trial.
 IV
Claims not properly briefed are deemed abandoned, ConnecticutNational Bank v Giacomin, 242 Conn. 17, 44-5.
While the petitioner made numerous claims regarding ineffective assistance of counsel, the claims which were properly briefed were:
1. Trial counsel failed to order a complete drug evaluation of the petitioner prior to trial and failed adequately to CT Page 7731 investigate the issue of drug dependency.
2. Trial counsel "failed to adequately investigate the Petitioner's case prior to the commencement of the jury trial" in that he retained no investigator to assist him in preparing a defense for the petitioner; and he "failed to interview a single witness prior to trial."
3. Trial counsel made a "speaking objection" `in front of the jury, arguing how an exhibit was prejudicial to his client.
4. On appeal, counsel failed to raise the issues of, first, an erroneous instruction, and, second, prejudicial comments made by the court.
5. At sentencing, trial counsel failed to order a substance abuse evaluation or call any witnesses to testify as to the substance abuse of the defendant, "even after the Petitioner was found to be non-drug dependent."
 V
A habeas petitioner claiming deprivation of his constitutional right to effective assistance of counsel has the burden of showing (1) that the performance of his counsel was "deficient in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result would have been different, Strickland v. Washington, 466 U.S. 668, 687-94,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome, Id.
"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . .", Id., at 689-90.
A criminal defendant is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686. The right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction, Copas v. Commissioner of Correction, CT Page 7732234 Conn. 139, 154 (citation omitted).
A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance if it is easier to dispose of the claim on the ground of insufficient prejudice, Norton v. Manson, 207 Conn. 118, 124.
 VI
.The petitioner's paramount claims revolve around his alleged drug dependency at the time of the events leading to his convictions, and his trial counsel's performance with regard to this issue both at time of trial and at sentencing.
At the time of trial, in an effort to establish that the petitioner was drug dependent at the time of the alleged offenses, trial counsel called as witnesses, Dr. Donald Grayson, a psychiatrist who had performed a "mental status examination" on the petitioner, and Samuel Colon, a brother of the petitioner, who testified as to his knowledge of the petitioner's drug use. The petitioner also testified as to his drug usage. Dr. Grayson was retained by the public defender's office to evaluate the petitioner to determine if he was drug dependent. Grayson testified that he interviewed the petitioner on August 10, 1993. The interview lasted approximately 1 1/2 hours. Grayson testified the petitioner stated he'd begun smoking marijuana at age 30 and smoked marijuana about once per month; that he began using cocaine in 1988, sniffing 10 to 7 grams a day, three or four times a week at a cost of $160 dollars per week; that he began using heroin in 1990 and used it daily on a three to twelve bag basis, more on weekends sometimes, at an estimated cost of eight to one hundred dollars a day; that he'd been drinking alcohol, three or four days a week, one to two pints of bacardi rum. (Transcript, May 4, 1994, p. 61).
Grayson gave as his opinion, that if there were verification through family members or others (emphasis added), "that in my opinion exactly what he said was true that he [the petitioner] was heroin dependent at the time of his arrest"; that he was a cocaine abuser; an alcohol abuser; and a mild marijuana abuser, (p. 62) Later, on cross examination, Grayson testified "Yes, based on what he told me, if it were verifiable, I believe he's drug dependent on heroine [sic], yes." (p. 67). Still later, the court asked Grayson, ". . . [I]s it your testimony that you're unable to give an opinion as to whether he was heroine [sic] dependent CT Page 7733 because you had no verification?" Grayson answered: "I've gone halfway. If there's verification, I think my observations are valid" (p. 68). Grayson also testified that if information given him by family members was erroneous, that could lead to an erroneous conclusion. (p. 70).
The petitioner claims trial counsel was ineffective in not ordering "a complete drug evaluation" of petitioner prior to trial and in failing adequately to investigate the issue of the petitioner's drug dependency. He suggests there had been blood drawn from the petitioner following an arrest and that trial counsel should have seen that the sample or any results of such testing were given to Dr. Grayson to aid the doctor in evaluating; nor did trial counsel ask that Grayson review any medical records. No blood test results or medical records were introduced at the time of the habeas hearing and their existence and value remain speculative. The petitioner claims trial counsel failed to arrange for other family members of the petitioner to be interviewed by Dr. Grayson so as to enable the doctor to obtain verifying information as to the petitioner's claim of drug dependency At the habeas hearing, the petitioner called three witnesses, who testified as to their knowledge of the petitioner's drug usage prior to the incident leading to his convictions.; Nirsa Gonzalez, Obduho Colon and Luz-Maria Thillet. Thillet is the petitioner's longtime companion and mother of his children. Obduho Colon is a brother of the petitioner. The petitioner is the godfather of Gonzalez' four children. This court found the testimony of these witnesses to be cumulative and inconclusive.
At the habeas hearing, trial counsel testified that Samuel Colon was the only family member the petitioner gave him as a possible witness, and that counsel considered calling Luz-Marie Thillet but had been assured by her counsel that she would invoke her privilege against self incrimination if called. (Thillet had also been arrested as a result of the December 23, 1992 transaction and her case was still pending at the time of the petitioner's trial). The petitioner testified at his criminal trial that he had sought to conceal his drug usage from family members. He had a history of employment and a relatively stable family life.
Trial counsel sought to establish the petitioner's drug dependency by having the petitioner testify as to his drug use, having Dr. Grayson testify regarding his evaluation of the CT Page 7734 petitioner and his expert opinion regarding the petitioner's drug dependency; and having Samuel Colon testify so as to provide verification of the petitioner's claim. At trial, Dr. Grayson described his opinion as "hedged". Prior to the habeas hearing Grayson had the opportunity to interview Luz-Marie Thillet, Ralph Thillet (who did not testify at the habeas hearing), Obduho Colon and Nirsa Gonzalez, and found them credible. Had Grayson interviewed these individuals prior to trial, it is clear his opinion would still have been" hedged", in that he indicated, both at trial and at the habeas hearing that, if the information given him by the petitioner or any verification interviewees was erroneous, his opinion could be correspondingly affected.
At the time of trial, the jury was given the opportunity to observe and assess the credibility of the petitioner, of Grayson, and of Samuel Colon, a family member whose testimony was offered to provide verification of the petitioner's claims and to bolster Gray son's opinion. Trial counsel provided the jury with evidence upon which the jury could have found the petitioner to have been drug dependent. The court is not persuaded that arranging for pretrial interviews of Luz-Marie Thillet, Ralph Thillet, Obduho Colon or Nirsa Gonzalez with Dr. Grayson, nor the testimony at trial of any or all of these individuals would have affected the outcome of the trial. The petitioner has failed to establish that trial counsel's performance with regard to the issue of drug dependency fell outside the range of reasonable professional assistance of a competent trial counsel.
Similarly, the petitioner has failed to establish that counsel's failure to obtain a "complete" substance abuse evaluation prior to sentencing fell outside the range of reasonable professional assistance of a competent trial counsel. The petitioner asks this court to assume that such an evaluation would have definitively established that the petitioner was drug dependent at the time he committed the crimes for which he was convicted. Such an assumption would be based on speculation and the court declines to do so.
 IV
The petitioner claims trial counsel failed to conduct an adequate pretrial investigation with reference to his client's guilt or non-guilt. The petitioner has failed to demonstrate what such investigation would have uncovered which would have made it reasonably probable the outcome of the trial would have been CT Page 7735 different. Specifically, the petitioner claims trial counsel's failure to investigate prejudiced him as follows:
The petitioner claimed at trial that one Martin Condes had sold the drugs to Officer Mellon. He faults his trial counsel for failing to investigate Condes prior to trial. Conceding that, were Condes to have been called as a witness, he would likely have invoked his privilege against self-incrimination, the petitioner suggests that this might have been helpful to the petitioner with regard to sentencing. Assuming, arguendo, this "might have been helpful", this claim falls far short of establishing the reasonable probability of another outcome. The court notes that the petitioner was found not guilty of sale of narcotics.
The petitioner faults trial counsel for failure to obtain a photograph of Condes to show to Mellon or Samsel so as to determine if indeed Condes had delivered the narcotics on the day in question. Trial counsel testified at the habeas hearing that he had discussed Condes with the petitioner and that petitioner felt they should not pursue Condes as a witness; with regard to the claim he should have used a photograph of Condes, trial counsel stated that such action made no sense and would have been harmful to the petitioner. The court finds that trial counsel, with regard to Condes, exercised reasonable professional judgment.
The petitioner claims that trial counsel's failure to interview Officer Samsel before trial precluded trial counsel from conducting effective cross examination of both Samsel and Mellon. Upon review of the transcript, the court finds this is not apparent from the record. Officer Samsel testified that at the time of the transaction at issue he was monitoring the wireless microphone worn by Mellon. The petitioner faults trial counsel for failing to examine Samsel as to how many voices were heard, if any conversation related to an alleged drug transaction was heard, if he heard the petitioner making a telephone call or any questions at all about the monitoring device, other than whether or not a recording was made, [The testimony was that no recording was made]. Again, the petitioner asks the court to assume that such questioning would have produced testimony beneficial to him, but the court declines to make that assumption
The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence that he was rendered CT Page 7736 ineffective assistance of counsel by trial counsel's failure to conduct an adequate pre-trial investigation.
 V
The petitioner claims that trial counsel rendered ineffective assistance, in that, having failed to object to the admission of the narcotics (State's trial exhibit A), (Trial Transcript, May 2, 1994, pp. 40-51), he made a "speaking objection" in the presence of the jury, arguing how the exhibit was prejudicial to his client. In fact, a review of the record (Trial Transcript, May 2, 1994, pp. 53-61) suggests that the objection at issue had to do with certain words on the toxicology report (State's trial exhibit B) which trial counsel felt were prejudicial to his client (The words were redacted and the report admitted as a full exhibit).
At the habeas hearing trial counsel stated his recollection that this objection had been raised at a sidebar, outside the hearing of the jury, although he conceded that there is nothing in the transcript to verify this. The petitioner claims that arguing this objection in the presence of the jury prejudiced him.
After examining the record, including objections raised by trial counsel with regard both to the marking of the narcotics items (Trial Transcript, May 2, 1994, pp. 4.9-51) and the toxicology report, the court finds that there is no reasonable probability that such arguments prejudiced the petitioner such that the outcome of the trial would have been different, had the arguments not been conducted in the presence of the jury.
 VI
Finally, the petitioner claims he was rendered ineffective assistance by Attorney Crone, acting as appellate counsel, by virtue of counsel's failure to raise certain issues on appeal. First, the petitioner claims that the trial judge made certain comments (Trial Transcript, May 2, 1994, pp. 167-68) "so inherently prejudicial towards the petitioner that this court cannot come to any conclusion than there has been an unreliable determination as to the guilt of the petitioner." Viewing the trial judge's comments in context, and taking into consideration the court's entire instructions to the jury, this court finds there was no reasonable probability, the outcome of the CT Page 7737 petitioner's appeal would have been different had appellate counsel raised this issue on appeal.
The petitioner also claims that the trial judge misstated the law in his preliminary remarks to the jury in saying "And furthermore, that he did that distributing, selling or dispensing to a person who was not at the time of such action a drug dependent person."; (Transcript, May 2, 1994, p. 8); that counsel failed to object at the time, and as appellate counsel failed to raise the judge's erroneous instruction on appeal. A review of the judge's charge to the jury (Trial Transcript, May 6, 1994, pp. 271-80) indicates he did correctly instruct the jury. The court finds that any error in the court's preliminary remarks was thereby cured. The court finds that there is no reasonable probability that the outcome of the petitioner's appeal would have been different had appellate counsel raised this issue on appeal.
 VII
The petitioner has failed to establish, by a fair preponderance of the evidence, that counsel's acts or omissions, taken singly or in combination, constituted ineffective assistance of counsel at trial or on appeal, or that such acts or omissions so prejudiced the petitioner, that the outcome of his trial or his appeal would otherwise have been different.
The petition, accordingly, is dismissed, and judgment may enter in favor of the respondent.
By the Court,
Downey, J.