STATE OF CONNECTICUT *v.* RALPH HODGE
(2191)

DUPONT, C. J., HULL and BORDEN, Js.

Argued June 4—decision released August 27, 1985

*James E. Swaine,* for the appellant (defendant).

*William Domnarski,* deputy assistant state's attorney, with whom, on the brief, was *John M. Massameno,* assistant state's attorney, for the appellee (state).

DUPONT, C. J., The defendant appeals from a judgment of the trial court which acquitted him on the charge of bribe receiving in violation of General Statutes § 53a-148,[1] but convicted him of accepting a gift or gratuity in violation of General Statutes § 29-9,[2] holding the latter offense to be a lesser included offense of General Statutes § 53a-148. The defendant moved to vacate the judgment and for a judgment of acquittal. The court denied both motions.

The following facts are not in dispute. The defendant, a New Haven police officer, was employed in an off-duty capacity as an additional security guard during a rock concert performance at the New Haven Coliseum. It was the policy of the coliseum to place uniformed off-duty police officers at the exit doors of the arena.

During intermission, a security officer employed by the coliseum observed the defendant permit two young men to enter the arena through the doorway assigned to the defendant. The defendant then called the two

---

[1] General Statutes § 53a-148 provides, in pertinent part: "A public servant or a person selected to be a public servant is guilty of bribe receiving if he solicits, accepts or agrees to accept from another any benefit for, because of, or as consideration for his decision, opinion, recommendation or vote."

[2] General Statutes § 29-9 provides, in pertinent part: "Any state police officer appointed as provided in section 29-4, any police officer of any city, town or borough and any person having the power of arrest who, directly or indirectly, receives a reward, gift or gratuity for the purpose of influencing his behavior in office, or any person who gives, offers or promises to a police officer or any person having the power of arrest any reward, gift or gratuity with the intent to influence his behavior in office, shall be fined not more than one hundred dollars or imprisoned not more than six months or both, and the police officer shall be dishonorably discharged from the division of state police or from the police department."

men back, whereupon both men took money out of their wallets and passed it to the defendant. The security officer subsequently reported the incident, which led to the defendant being charged with a violation of General Statutes § 53a-148.

On appeal from the judgment of conviction, the defendant raises several claims of error. His first claim is dispositive of the case. The defendant argues that General Statutes § 29-9 is not a lesser included offense of General Statutes § 53a-148.

An offense will not be considered a lesser included offense of another offense unless "it is not possible to commit the greater offense, in the manner described in the information or bill of particulars, without having first committed the lesser." *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414, 420 (1980). " ' "The test for determining whether one violation is a lesser included offense in another violation is whether it is possible to commit the greater offense . . . without having first committed the lesser." ' " *State* v. *Castro,* 196 Conn. 421, 428, 493 A.2d 223 (1985); see also *State* v. *Troynack,* 174 Conn. 89, 97, 384 A.2d 326 (1977); *State* v. *Carr,* 172 Conn. 458, 465–66, 374 A.2d 1107 (1977). Thus, in order for General Statutes § 29-9 to be a lesser included offense of General Statutes § 53a-148, it must not require any element which is not needed to commit the offense of bribe receiving under General Statutes § 53a-148. See generally Schuman & Lager, "Connecticut's Lesser Included Offense Doctrine: Part 1," 54 Conn. B.J. 313 (1980); Lager & Schuman, "Connecticut's Lesser Included Offense Doctrine: Part II," 55 Conn. B.J. 207 (1981); note, "Lesser Offense in Connecticut: A Critical Analysis," 3 U. Bridgeport L. Rev. 105 (1981).

The essential elements which constitute a violation of General Statutes § 29-9 are (1) receiving, directly or

indirectly, (2) by a police officer or a person having the power of arrest, (3) any reward, gift or gratuity, (4) with the purpose of influencing his behavior in office. The statute imposes the requirement that the state prove a specific intent, namely, that the receipt of a benefit by the police officer was "for the purpose of influencing" his conduct. General Statutes § 29-9; see *State* v. *Carr,* supra, 465–67.

In contrast, General Statutes § 53a-148 does not require a specific intent. Id. Specifically, the statute states that a defendant is guilty of bribe receiving "if he solicits, accepts or agrees to accept from another any benefit *for, because of, or as consideration for* his decision, opinion, recommendation or vote." (Emphasis added.) Nowhere does the language of General Statutes § 53a-148 require the element of specific intent found in General Statutes § 29-9. This distinction in the statutory language is significant. See *State* v. *Bitting,* 162 Conn. 1, 5, 291 A.2d 240 (1971). General Statutes § 29-9 requires an element of proof of specific intent which is not needed to prove the offense of bribe receiving under General Statutes § 53a-148.[3] Accordingly, the trial court erred in determining that General Statutes § 29-9 is a lesser included offense of General Statutes § 53a-148.

Our determination is in accord with an earlier decision of the Connecticut Supreme Court which held that General Statutes § 29-9 is *not* a lesser included offense

[3] Ordinarily, the greater offense is the one which requires the more culpable mental state, and the greater penalty. See *State* v. *Smith,* 185 Conn. 63, 67, 441 A.2d 84 (1981); *State* v. *Fernandez,* 5 Conn. App. 40, 45, 496 A.2d 533 (1985). General Statutes § 53a-148 is a class D felony which carries a maximum term of imprisonment of five years, while General Statutes § 29-9 imposes a fine of not more than one hundred dollars or six months imprisonment, or both, in addition to dishonorable discharge from the police department. The latter offense, however, requires a more culpable mental state than does General Statutes § 53a-148, a crime with a greater maximum term of imprisonment.

of bribery under General Statutes § 53a-147.[4] *State* v. *Carr,* supra, 467. The crime outlined in General Statutes § 53a-148 is the antipodean crime of General Statutes § 53a-147. One is the flip side of the other.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty.

In this opinion the other judges concurred.

---

[4] The state contends that both General Statutes §§ 53a-148 and 29-9 are specific intent crimes. Such a conclusion is contrary to the holding of *State* v. *Carr,* 172 Conn. 458, 374 A.2d 1107 (1977). We will not "overrule" that case as requested by the state. *O'Connor* v. *O'Connor,* 4 Conn. App. 19, 20, 492 A.2d 207, cert. granted, 196 Conn. 812, 495 A.2d 280 (1985).