STATE OF CONNECTICUT *v.* RALPH HODGE
(12838)

PETERS, C. J., HEALEY, SHEA, DANNEHY and CALLAHAN, Js.

Argued October 1—decision released November 18, 1986

*John M. Massameno,* assistant state's attorney, with whom, on the brief, was *James L. Radda,* deputy assistant state's attorney, for the appellant (state).

*James E. Swaine,* for the appellee (defendant).

SHEA, J. In a trial to the court the defendant was convicted of accepting a gratuity for the purpose of influencing his behavior in office in violation of General Statutes § 29-9,[1] as a lesser offense included in the information charging him with bribe receiving in vio-

[1] "[General Statutes] Sec. 29-9. ACCEPTANCE OR OFFERING OF GIFTS OR REWARDS BY OR TO STATE OR LOCAL POLICE. (a) Any state police officer appointed as provided in section 29-4, any police officer of any city, town or borough and any person having the power of arrest who, directly or indirectly, receives a reward, gift or gratuity for the purpose of influencing his behavior in office, or any person who gives, offers or promises to a police officer or any person having the power of arrest any reward, gift or gratuity with the intent to influence his behavior in office, shall be fined

lation of General Statutes § 53a-148.[2] On appeal to the Appellate Court, the judgment was set aside and an acquittal was directed upon the ground that § 29-9 was not a lesser offense included within § 53a-148. *State* v. *Hodge*, 5 Conn. App. 125, 128–29, 497 A.2d 79 (1985). Upon the grant of certification the state has appealed to this court, claiming error in the conclusion of the Appellate Court that "our bribe receiving statute [§ 53a-148] . . . is not a specific intent crime." We affirm the judgment of the Appellate Court, but upon grounds different from those relied upon by that court.

The facts as stated in the Appellate Court opinion are not disputed in this appeal. The defendant, a New Haven police officer, was employed in an off-duty capacity as a security guard during a rock concert at the New Haven Coliseum. It was the policy of the Coliseum to place uniformed off-duty police officers at the emergency doors of the arena. During intermission a security officer employed by the Coliseum observed the defendant permit two young men to enter the arena through the doorway he had been assigned to guard. The defendant then called the two men back, whereupon each of them took money from his wallet and passed it to the defendant. After the security officer reported the incident, the defendant was charged with bribe receiving in violation of § 53a-148.

not more than one hundred dollars or imprisoned not more than six months or both, and the police officer shall be dishonorably discharged from the division of state police or from the police department.

"(b) The provisions of subsection (a) shall not apply to rewards, gifts or gratuities which are approved by the commissioner of public safety, or the police chief or board of police commissioners, as the case may be, and are given to the police officer on account of his official services."

[2] "[General Statutes] Sec. 53a-148. BRIBE RECEIVING: CLASS D FELONY. (a) A public servant or person selected to be a public servant is guilty of bribe receiving if he solicits, accepts or agrees to accept from another any benefit for, because of, or as consideration for his decision, opinion, recommendation or vote.

"(b) Bribe receiving is a class D felony."

The trial court, in rendering judgment in a decision delivered orally from the bench, found that the state had failed to prove the existence of any corrupt agreement or understanding prior to the defendant's receipt of the money from the two young men. Concluding that proof of such an element was essential for a conviction of bribe receiving under § 53a-148, the court implicitly acquitted the defendant of that charge. It found him guilty, nevertheless, of accepting "a reward, gift or gratuity for the purpose of influencing his behavior" as a police officer in violation of § 29-9, deeming this misdemeanor offense to be included within the felony charge of § 53a-148.

The Appellate Court set aside the conviction upon the ground that § 29-9 was not an offense included within § 53a-148. The court reasoned that § 29-9 required an element of specific intent—that the gratuity be received for the purpose of influencing the police officer's behavior in office—not contained in § 53a-148. Accordingly, the Appellate Court concluded, it was possible to commit the greater offense proscribed by § 53a-148 without violating § 29-9 and, therefore, the latter was not encompassed by the former.

When we granted certification for this appeal from the Appellate Court, the only issue presented by the petition was as follows: "Whether the Appellate Court erred in concluding that our bribe receiving statute [53a-148], which requires proof that the benefit offered be accepted 'for, because of, or as consideration for' an official decision, is not a specific intent crime." Practice Book § 3154 (now § 4132) provides that "[t]he issues which the *appellant* may present are limited to those raised in the petition for certification . . . ." (Emphasis added.) While "[t]he only issues we need consider are those squarely raised by the petition for certification," we have recognized that an appellee, in accordance with Practice Book § 3012 (a) (now

§ 4013 [a]), may present alternative grounds upon which the judgment may be affirmed. *State* v. *Torrence,* 196 Conn. 430, 434 n.6, 493 A.2d 865 (1985); see also Practice Book § 3158 (now § 4140). "In addition, under extraordinary circumstances . . . we may review matters not raised before the Appellate Court and resolve issues not determined by the Appellate Court." Id., 434 n.5; see *Greenwood* v. *Greenwood,* 191 Conn. 309, 315, 464 A.2d 771 (1983).

We have concluded that it would be inappropriate to respond to the question contained in the petition because of the factual determination made by the trial court in acquitting the defendant under § 53a-148. The court found there was no "corrupt agreement" prior to the defendant's receipt of the money from the two persons he had allowed to enter the arena. This finding precluded a conviction under § 29-9, which requires that the "reward, gift or gratuity" be received by a police officer "for the purpose of influencing his behavior in office." The trial court clearly erred in implicitly finding this mental element to have been proved to support a conviction under § 29-9 after having expressly found that the "existence of a corrupt prior agreement or understanding" could not be inferred from the evidence.[3] A response, therefore, to the question whether § 53a-148 is a specific intent crime, as posed by the petition, would be virtually an academic exercise. The finding of the trial court definitively resolves the issue of the existence of the mental element necessary for a con-

---

[3] The trial court appears to have construed the portion of § 29-9 relating to the receipt of a gratuity by a police officer as not requiring "specific intent," giving no purport to the phrase, "for the purpose of influencing his behavior in office." The Appellate Court reached the opposite conclusion, that § 29-9 "imposes the requirement that . . . the receipt of a benefit by the police officer [be] 'for the purpose of influencing' his conduct"; *State* v. *Hodge,* 5 Conn. App. 125, 128, 497 A.2d 79 (1985); while "§ 53a-148 does not require a specific intent"; id.; without discussing the provision that "any benefit" be received by a public servant "for, because of, or as consideration for his decision, opinion, recommendation or vote." See *State* v. *Carr,* 172 Conn. 458, 465–66, 374 A.2d 1107 (1977).

viction under either § 53a-148 or § 29-9 in favor of the defendant, a factual determination which this court cannot overturn without disregarding constitutional principles of double jeopardy as well as standards of appellate practice. Practice Book § 3060D (now § 4061); *Burks* v. *United States,* 437 U.S. 1, 10–17, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978). Whether the state of mind claimed to be an element of § 53a-148 is identical in all respects to that required by § 29-9, the trial court by acquitting the defendant of the former offense must be deemed to have found any such mental element unproved. The question presented by the petition has essentially been mooted by the finding of the trial court, since a response thereto cannot affect the outcome of the appeal.

As we have noted previously, we are not limited to the issues presented in the petition if the judgment of the Appellate Court may be affirmed on some other ground. Our conclusion that the express finding of the trial court, that no agreement preceded the defendant's receipt of the money, precludes a conviction under § 29-9 requires that we affirm the judgment of the Appellate Court setting aside the conviction and directing an acquittal. We also affirm the conclusion of that court that an acquittal is necessary because the defendant has been found guilty of an offense not included within the charge of bribe receiving as set forth in the information and bill of particulars.[4] The basis for our view, however, is that § 29-9 bans the acceptance of gratuities by police officers only and does not apply to other "public servants," a term broadly defined for the purpose of § 53a-148 to mean "an officer or employee of government, elected or appointed, and any person

---

[4] The defendant has not filed any statement of alternative grounds upon which the judgment of the Appellate Court may be affirmed nor has he otherwise raised any such grounds. Practice Book § 3012 (a) (now § 4013 [a]); *State* v. *Torrence,* 196 Conn. 430, 434 n.6, 493 A.2d 865 (1985). The two grounds relied upon by this court in affirming the judgment were raised by the court sua sponte during oral argument.

participating as adviser, consultant or otherwise, paid or unpaid, in performing a governmental function." General Statutes § 53a-146 (3). One need not be a police officer to violate § 53a-148, but must have that status for a violation of § 29-9. The information and bill of particulars charging the defendant with violating § 53a-148 failed to allege that he was a police officer and contained no reference to his status.

The test for determining whether one crime is a lesser included offense of another crime is whether it is possible to commit the greater offense in the manner described in the information or bill of particulars without having first committed the lesser. *State* v. *Castro,* 196 Conn. 421, 428, 493 A.2d 223 (1985); *State* v. *Whistnant,* 179 Conn. 576, 588, 427 A.2d 414 (1980). Under the charging documents in this case a "public servant" other than a police officer could have violated § 53a-148 without necessarily violating § 29-9. It is clear, therefore, that § 29-9 was not a lesser included offense and the conviction of the defendant must be set aside.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

