## DANTE NARDINI *v.* JOHN R. MANSON, COMMISSIONER OF CORRECTION (13167)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued January 7—decision released April 19, 1988

*James G. Clark,* assistant state's attorney, with whom, on the brief, was *Jack Fischer,* legal intern, for the appellant (respondent).

*Charles Hanken,* with whom, on the brief, was *Richard Emanuel,* for the appellee (petitioner).

COVELLO, J. The petitioner, Dante Nardini, sought a writ of habeas corpus commanding his release from imprisonment under sentences imposed after two criminal convictions, claiming that he had been denied effective assistance of counsel when his attorney failed to raise constitutional due process objections to the use, for impeachment purposes, of two prior felony convictions obtained when he was not represented by counsel. The habeas court, *Satter, J.,* denied the petition. The petitioner thereafter appealed to the Appellate Court, which, having found the due process violations, reversed the lower court decision and remanded the matter to the habeas court with instructions to grant the petition.

Upon our grant of certification, the state appealed, claiming that, having determined that the use at trial of the uncounseled convictions amounted to constitutional error, the Appellate Court should have addressed the further issue of whether that error was harmless beyond a reasonable doubt. Further examination of the record discloses that a correct analysis requires our review of the due process issue within the context of an ineffective assistance of counsel claim, thereby dictating that we take up matters not addressed by the Appellate Court and beyond the scope of the certified issue.[1] *State* v. *Hodge,* 201 Conn. 379, 381, 517 A.2d 621 (1986). Ultimately, we conclude that the disposi-

---

[1] When we granted certification for this appeal from the Appellate Court, the only issue presented by the petition was whether the Appellate Court should have conducted a harmless error analysis in its review of the petitioner's habeas corpus claim. The Appellate Court viewed the petition as claiming constitutional due process violations and, having found that such violations had occurred, directed that judgment enter granting the petition. We, in turn, granted certification limited to the harmless error analysis. Further examination of the petition for writ of habeas corpus discloses,

tive issue is whether the ineffective assistance of the petitioner's trial counsel affected the outcome of the case. See *Williams* v. *Manson,* 195 Conn. 561, 564, 489 A.2d 377 (1985). We conclude that no such effect can be shown, and therefore we reverse the judgment of the Appellate Court.

Examination of the record discloses the petitioner's conviction by a jury, on January 25, 1979, of conspiracy to commit arson in the first degree in violation of General Statutes §§ 53a-111 (a)[2] and 53a-48 (a),[3] and arson in the first degree in violation of General Statutes § 53a-111 (a).[4] He was found not guilty of a third count, second degree larceny. General Statutes § 53a-123 (a). The court rendered a judgment of conviction and sentenced the petitioner to an effective term of not less

however, that the due process violations were asserted as illustrative of the ineffective assistance of counsel claim.

While Practice Book § 4138 (formerly § 3154) limits the issues the appellant may present to those raised in the petition for certification, we may, of course, suspend the limitation of § 4138 when the dictates of justice require a more expansive analysis. *State* v. *Hodge,* 201 Conn. 379, 382, 517 A.2d 621 (1986); *State* v. *Torrence,* 196 Conn. 430, 434, 493 A.2d 865 (1985).

[2] "[General Statutes] Sec. 53a-111. ARSON IN THE FIRST DEGREE: CLASS A FELONY. (a) A person is guilty of arson in the first degree when, with intent to destroy or damage a building, as defined in section 53a-100, he starts a fire or causes an explosion, and (1) the building is inhabited or occupied or the person has reason to believe the building may be inhabited or occupied; or (2) any other person is injured, either directly or indirectly; or (3) such fire or explosion was caused for the purpose of collecting insurance proceeds for the resultant loss; or (4) at the scene of such fire or explosion a peace officer or firefighter is subjected to a substantial risk of bodily injury.

"(b) Arson in the first degree is a class A felony."

[3] "[General Statutes] Sec. 53a-48. CONSPIRACY. RENUNCIATION. (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[4] See footnote 2, supra.

than eighteen years nor more than thirty-six years imprisonment.[5] This sentence was modified upon review by the Sentence Review Division of the Superior Court to an effective sentence of not less than ten years nor more than twenty years imprisonment. On the state's appeal concerning resentencing pursuant to the direction of the Sentence Review Division, this court upheld the judgment. *State* v. *Nardini,* 187 Conn. 109, 445 A.2d 304 (1982). (*Nardini I*)

At the petitioner's arson trial, over his counsel's objection, the trial court admitted as impeachment evidence two prior felony convictions, a 1953 conviction for breaking and entering, and a 1958 conviction for carrying a pistol without a permit. *State* v. *Nardini,* 187 Conn. 513, 520, 447 A.2d 396 (1982). (*Nardini II.*) The reasons offered in opposition to the admission of the evidence were, essentially, relevancy objections that challenged the probative value of these convictions on the issue of the petitioner's credibility at trial. Id., 521.

After the entry of judgment following his convictions, the petitioner appealed to this court. Id., 513. He claimed that the trial court had erred in admitting evidence of his two prior felony convictions for impeachment purposes. Id., 513–14. This court considered those evidentiary, state law claims and concluded that because the "minimal prejudice" was outweighed by the probative value of the evidence; id., 530; it was within the trial court's discretion to admit "[t]he conviction for breaking and entering, a crime regarded as having more than peripheral bearing upon honesty" despite

---

[5] After conviction, the petitioner was "sentenced by the court to a term of eight to sixteen years on the first count and to a consecutive term of ten to twenty years on the second count, for a total effective sentence of eighteen to thirty-six years. After a hearing, the Sentence Review Division left the terms of the two sentences intact, but ordered that they be served concurrently for a total effective sentence of ten to twenty years." *Nardini* v. *Manson,* 10 Conn. App. 147, 148, 521 A.2d 1059 (1987).

the lapse of twenty years between the conviction and the time of trial. Id., 528.

As to the conviction for carrying a pistol without a permit, however, this court determined that its "significance upon credibility . . . [had] entirely dissipated by the date of trial and its admission . . . [could not, therefore,] be justified." Id., 530. This court concluded, however, that "this error was harmless because it is so highly improbable that any additional prejudice arising from knowledge by the jury of this second conviction affected the outcome." Id. Accordingly, this court affirmed the judgment.

On February 11, 1983, the petitioner applied for the writ of habeas corpus that is the subject of this appeal. As the basis for his petition, he alleged for the first time that his trial counsel had failed to advance on his behalf constitutional due process arguments against the use of the prior felony convictions for impeachment pursuant to the holding in *Loper* v. *Beto,* 405 U.S. 473, 483, 92 S. Ct. 1014, 31 L. Ed. 2d 374 (1972). Specifically, the petitioner contends that the pleas that resulted in the 1953 and 1958 convictions were entered while he was unrepresented by counsel. Therefore, their introduction to impeach his credibility violated his constitutional right to due process of law.

The habeas court, having found that the prior convictions were in fact uncounseled, applied the rule articulated in *Loper* v. *Beto,* supra, e.g., that a prior uncounseled conviction used to impeach a defendant's credibility is an unconstitutional deprivation of due process of law. The habeas court held, however, that the petitioner's trial counsel's failure to discover the uncounseled nature of the convictions was not ineffective assistance of counsel. It observed, in addition, that this court had already ruled on direct appeal in this case "that the use of the prior convictions [was] of either

minimal prejudice or harmless error . . . [and that] this use could not [therefore] have contributed to petitioner's conviction." *Nardini* v. *Manson,* 10 Conn. App. 147, 152, 521 A.2d 1059 (1987). The habeas court concluded that "the petitioner failed to sustain his burden of proving ineffective assistance of counsel"; id., 153; and, accordingly, denied the petition.

The petitioner appealed to the Appellate Court, which concluded that once the habeas court had found the use of the prior uncounseled convictions unconstitutional, it should have granted the writ of habeas corpus solely on that basis. Id., 159. Relying on the *Loper* v. *Beto* doctrine, the Appellate Court found error and ordered the petition granted deeming it unnecessary to consider the claim of ineffective assistance of counsel. Id., 159–60.

The gravamen of the claim in this petition, however, is that counsel was ineffective in failing to raise constitutional due process objections to the use of uncounseled prior convictions for impeachment purposes. The due process violations serve to demonstrate the failure of trial counsel to protect the petitioner's legitimate interests and to illustrate the precise manner of counsel's ineffectiveness at the petitioner's criminal trial.

In any habeas corpus proceeding, the petitioner is obligated to allege and prove that he or she did not deliberately bypass the orderly procedure of a direct appeal. *Blue* v. *Robinson,* 173 Conn. 360, 369, 377 A.2d 1108 (1977). "[T]he issue of deliberate bypass is jurisdictional in nature . . . [and] must be resolved before a decision on the merits may be rendered." (Citations omitted.) *Galland* v. *Bronson,* 204 Conn. 330, 333, 527 A.2d 1192 (1987). The deliberate bypass rule is, however, no jurisdictional obstacle where a petition alleges ineffective assistance of counsel. *State* v. *Rivera,* 196 Conn. 567, 571, 494 A.2d 570 (1985).

A convicted defendant who complains of ineffective assistance of counsel must show, first, that counsel's representation fell below the standard of reasonably effective assistance. *Strickland* v. *Washington,* 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Williams* v. *Manson,* supra, 564. The defendant must then show that counsel's ineffectiveness at trial prejudiced the defense. *Strickland* v. *Washington,* supra. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., 691. A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice. Id., 697.

Our examination of the trial record discloses significant evidence from those actually present at the time the plan was formulated that the petitioner had devised a plan to burn a garage he owned in order to collect the insurance proceeds. He enlisted the aid of two repairmen employed by him and offered them $150 to burn the garage. The petitioner suggested using turpentine as an accelerant and demonstrated how to make a fuse using a book of matches and a cigarette that would allow his accomplice sufficient time to leave the scene. Several hours before the fire, the three collaborators, including the petitioner, went into the garage and spread the turpentine around the back walls, underneath the window and on a pile of debris that had been previously placed in the garage. Later, one of the accomplices returned to the garage with his brother-in-law and lit the cigarette-matchbook fuse that caused the fire. The next day, the petitioner met with one of the accomplices and discussed the stories they would tell the police. The petitioner suggested that the

police would become confused if different witnesses told different stories.

We conclude that there was significant direct evidence of each element of the offenses charged, and that the erroneous admission of the two prior uncounseled convictions was of minimal influence upon the outcome of the trial. *Strickland* v. *Washington,* supra; *Williams* v. *Manson,* supra; see *Nardini II,* supra. We therefore conclude that the petition for a writ of habeas corpus was correctly denied by the habeas court.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand the matter to the trial court to reinstate the judgment denying the petition.

In this opinion the other justices concurred.