[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The petitioner, Kenneth T. Henton, has filed a petition for writ of habeas corpus, alleging illegal confinement by reason of ineffective assistance of trial counsel. A hearing was held on March 26, 1999, at which both parties were represented by counsel, testimony was had and evidence was entered into the record. At the hearing two witnesses testified; the petitioner and trial counsel, Preston Tisdale.
The petitioner's amended petition is in two counts. Count CT Page 8876 One, titled, "Ineffective Assistance of Counsel", alleges various acts and omissions of trial counsel in the course of trial. Count Two is titled, Ineffective Assistance of Counsel — Failure to Adequately Investigate."
 II
The petitioner was convicted after a trial to the court of robbery in the first degree, in violation of General Statutes, Section 53a-134; the commission of a class A, B or C felony with a firearm, in violation of General Statutes, Section 53-202k; and being a persistent dangerous felony offender in violation of General Statutes, Section 53a-40 and on January 31, 1997 was sentenced to a total effective sentence of twenty years. The petitioner appealed his convictions. The Appellate Court reversed the judgment in part and remanded the case to the trial court to vacate the petitioner's conviction under Section 53-202k and to resentence the petitioner to a period of twenty years on the robbery in the first degree and on the persistent dangerous felony offender convictions, enhanced pursuant to S. 53-202k,State v. Henton, 50 Conn. App. 521, State of Connecticut v.Kenneth Henton, 247 Conn. 945 (cert. denied).
The petitioner's convictions stemmed from an incident occurring on August 27, 1995. The victim alleged that a man whom she identified as the defendant brandished a gun and threatened to shoot her in the head if she did not give him all her money; she then handed the man all the money in her pocket.
 III
A habeas petitioner claiming deprivation of his constitutional rights to effective assistance of counsel has the burden of showing (1) that the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result would have been different, Strickland v. Washington, 466 U.S. 668, 687-94,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome, Id.
"[A] court must indulge a strong presumption that counsel's CT Page 8877 conduct falls within the wide range of reasonable professional assistance . . .", Id., at 689-90.
A criminal defendant is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686. The right to effective assistance of counsel includes an adequate investigation of the case to determine facts relevant to the merits or to the punishment in the event of conviction, Copas v. Commissioner of Correction,234 Conn. 139, 154 (citation omitted).
A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance if it is easier to dispose of the claim on the ground of insufficient prejudice, Norton v. Mansonu, 207 Conn. 118, 124.
 IV
Certain of the petitioner's claims can be disposed of at the outset. The petitioner claims that trial counsel failed adequately to explain petitioner's right to a jury trial and failed to ascertain whether the petitioner "knowingly and intelligently understood the ramifications of waiving his right to a jury trial" Further, petitioner claims his command of the English language was so poor he did not understand the consequences of his waiver, when canvassed by the court. These claims were raised and decided on appeal. The Appellate Court found that there was nothing to indicate that the petitioner was not of ordinary intelligence and educational background, and that petitioner's waiver of a jury trial was voluntary, knowing and intelligent, State v. Henton, supra, at 530.
Similarly, the petitioner claims that trial counsel was ineffective by reason of failure to request that the petitioner be granted a three-judge panel pursuant to General Statutes, Section 54-82(b). This claim was addressed on appeal and the Appellate Court found that the petitioner's equal protection right was not violated when he was not provided with the opportunity pursuant to S. 54-82 (b) to have his case heard before a panel of three judges. This court finds that the failure of trial counsel to request a three judge panel to which the petitioner was not entitled did not constitute ineffective assistance of trial counsel.
 V CT Page 8878
In the course of his testimony at the habeas hearing, the petitioner made additional claims of acts or omissions of trial counsel constituting ineffective assistance of counsel:
Petitioner testified he had an alibi defense for the night of August 27, 1995, in that a friend, a correction officer named Dexter, drove him home at or about the time he was alleged to have accompanied, and robbed, the victim in her car. The petitioner claims trial counsel asked no questions about this alibi and did no investigation. Later, in his habeas testimony the petitioner testified that on some occasion he had sold the victim "dummy drugs" and that Dexter had driven him home following that incident, which may or may not have occurred on the night of August 27, 1995. [Petitioner's theory of the case, testified to at trial, is that the victim, angry that she'd been sold dummy drugs, concocted a story that the petitioner had robbed her.] Petitioner thought the sale of "dummy drugs" might have been toward the end of July or the beginning of August but then asserted it had occurred on August 27th. At the time of trial, the petitioner had testified that he had seen, and sold "dummy drugs"(baking powder) to, the victim once toward the end of July, 1995 and had not seen her subsequently on August 27, 1995 or at any other time prior to trial (Transcript, October 2, 1996, p. 20). He further testified he didn't recall where he was on August 27, 1995 (Transcript, October 2, 1996, p. 30) although his alibi claim now is that Dexter drove him home from the Side Effects café on August 27, 1995. Later, at the conclusion of the habeas hearing, the petitioner returned to the stand to testify that at the time of the crime he had a drug addiction, which went to his recollection of the date of his "confrontation" with the victim over his sale to her of dummy drugs. In short, the petitioner's testimony regarding what he called his alibi was inconsistent at the habeas hearing and inconsistent with his trial testimony.
Dexter was not called as a witness at the habeas hearing, so the nature of any testimony he might have offered at trial remains entirely speculative.
Trial counsel testified that the petitioner asserted an alibi, that they had discussed the claim, that trial counsel's investigator tried to check it out. The gist of the alibi, as counsel recalled it, was that the petitioner had attended an event, drove afterward with some friends and went to his girl CT Page 8879 friend's house. They attempted to investigate, but could not obtain any information to verify it.
The court finds that the petitioner has failed to establish, by a fair preponderance of the evidence that trial counsel's acts or omissions with regard to the petitioner's alibi claim, taken singly or collectively, constituted ineffective assistance of counsel.
 VI
The petitioner claims that counsel failed to return his calls before trial, met with him once, at most, and failed to do an adequate pre-trial investigation. The petitioner alleges further that because of his lack of contact with trial counsel, petitioner was unable to request that counsel do a pre-trial investigation.
Trial counsel, refreshing his memory with notes taken contemporaneously, testified that he had discussed an alibi defense with the petitioner at least three times, that he or his investigator had questioned the petitioner's girl friend in a vain attempt to support the alibi claim,, that counsel had met with the petitioner at the Bridgeport correctional center on August 9, 1996 and had a very extensive discussion of the case, that counsel had discussed the case with the petitioner on March 18, 1996 at the courthouse; on April 29th, June 14th, July 1, 1996. The petitioner's claim that trial counsel failed to contact him before trial is without merit.
Similarly, the claim that trial counsel failed adequately to conduct a pretrial investigation is without merit. At the habeas hearing, trial counsel testified that an investigator had spoken to the victim at least twice, in March, 1996 and again on August 12, 1996 and spoke also with Kim Johnson, and, perhaps, Isabelle Coleman, friends of the victim. The petitioner faults trial counsel for failure to "question, subpoena or investigate" these women and the victim's mother "to verify any of the statements made by the complainant". In fact, the friends were questioned and nothing of value to the petitioner was uncovered.
Again, the petitioner claims trial counsel failed to investigate and question a detective, King. Trial counsel testified that both he and his investigator interviewed King but uncovered nothing favorable to the petitioner. The court notes CT Page 8880 that King did not testify at the habeas hearing, so the court is left to speculate as to what information King might have provided and cannot assume that such information would have been favorable to the petitioner at trial. The petitioner claims that trial counsel should have questioned King with regard to the victim's first viewing of a photographic array and failed to request a copy of the initial photographs, because of which petitioner was unable effectively to challenge the State as to whether the pretrial identification of the petitioner was unduly suggestive at trial or on appeal. In fact, the petitioner challenged the pretrial identification on appeal and the Appellate Court, which was well aware of the initial viewing, concluded that the pretrial identification was not unnecessarily suggestive, Statev. Henton, supra, at 535.
The petitioner claims that trial counsel failed adequately to determine whether the complainant had a prior record involving dishonesty or deceit. The claim, too, is without merit. In this trial to the court, the prosecutor brought out on direct examination that the victim had been convicted in 1992 of assault with a motor vehicle and driving while intoxicated. On cross examination trial counsel further questioned the victim as to these convictions. The petitioner has failed to show that the victim had any other convictions which would raise questions as to her honesty or penchant for deceit.
The petitioner claims trial counsel should have withdrawn from representation of the petitioner once petitioner elected a trial to the court, which counsel "considered repugnant or imprudent". No evidence was offered regarding this issue at the habeas hearing nor was it addressed in argument. Accordingly, this claim is `deemed abandoned. We note that the Appellate Court referred to the difference of opinion between counsel and client as "merely a disagreement" and not a conflict of interest, Id., at 527.
The petitioner claims that trial counsel "did not adequately prepare" petitioner for direct examination, asked him "only twenty six questions and did not even ask Mr. Henton where he was on the night of the alleged robbery." Petitioner does not suggest what measure of preparation would have been deemed adequate; no authority is offered for the proposition that adequate assistance of counsel requires asking more than twenty six questions; and, as indicated, the prosecutor asked the petitioner where he was on the night of the robbery and the petitioner stated he didn't CT Page 8881 recall. Petitioner has failed to establish that counsel's performance with regard to these issues fell below the standard of representation required of counsel or prejudiced the petitioner in any way.
The petitioner claims that trial counsel failed adequately to inquire of the complainant about whether she had ever purchased drugs from the petitioner or whether she had a drug habit. The complainant, Victoria Hudson, did not testify at the habeas hearing nor was any evidence introduced that she had ever had a drug habit, nor evidence, apart from the petitioner's naked assertion that he had sold dummy drugs to the complainant, to suggest that Hudson ever purchased drugs from the petitioner. Again, the court is invited to speculate. The petitioner has failed to establish that trial counsel's questioning of the complainant fell below the requisite standard of representation or prejudiced the petitioner in any way.
 VII
The petitioner has failed to establish, by a fair preponderance of the evidence, that any of trial counsel's acts or omissions, taken singly or in combination constituted performance that was outside the range of reasonable professional assistance of a competent trial lawyer, nor that such acts or omissions prejudiced the petitioner such that there is a reasonable probability that, but for such acts and omissions, or any of them, the result of his trial would have been different.
Accordingly, the petition is dismissed, and judgment may enter in favor of the respondent.
By the Court,
Downey, J.