[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a petition for writ of habeas corpus wherein the petitioner, Anthony Holloway alleges illegal confinement by reason of ineffective assistance of appellate counsel. The petitioner filed his Second Amended Petition on October 17, 2000. The respondent filed his Return on November 2, 2000, denying illegality and raising a special defense. On November 2, 2001, the petitioner filed his Reply to Special Defenses. A hearing on the second amended petition opened on November 2, 2001. At the outset of the hearing the petitioner withdrew with prejudice the allegations contained in paragraphs 6a, 6b and 6c of said petition and the hearing proceeded on the allegations of paragraphs 6d, 6e and 6f. The hearing continued on April 12, 2001, and was concluded on that date.
 II
The petitioner was the defendant in a criminal matter, the State ofConnecticut v. Anthony Holloway in the Judicial District of Fairfield, charged with one count of felony murder in violation of General Statutes, § 53a-54c. He was convicted after a jury trial and on August 29, 1986, was sentenced to a term of imprisonment of forty five (45) years. The petitioner was represented at trial and on appeal by Attorney Erskine McIntosh. The petitioner's conviction was upheld on appeal, State v. Holloway, 209 Conn. 636, cert. denied, 490 U.S. 1071
(1989).
 III
The Petitioner's surviving claims are that appellate counsel was ineffective in that he:
 d. failed to properly brief the Batson claim regarding the exclusion of a minority venireman;
 e. failed to make an adequate record with respect to the Batson claim raised on appeal; and CT Page 7077
 f. Failed to make a motion for re-argument based upon the holding of Griffith v. Kentucky which would have resulted in the court applying the holding of the decision to the facts of the Petitioner's case, resulting in a new trial.
 IV
A habeas petitioner claiming deprivation of his constitutional right to effective assistance of counsel has the burden of showing (1) that the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result would have been different,Strickland v. Washington, 466 U.S. 668, 687-94, 102 S.Ct. 2052,80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome, Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." Id., at 689-90. A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance if it is easier to dispose of the claim on the ground of insufficient prejudice. Norton v. Manson, 207 Conn. 118, 124. The constitutional right of a criminal defendant to the effective assistance of counsel includes the right of such assistance on the defendant's first appeal as of right, Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 454.
 V
This case centers around a Batson claim, Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986.). In Batson, reaffirming its prior determination that the purposeful exclusion from a jury of members of his race deprives a black defendant of equal protection, the U.S. Supreme Court went on to establish a three step process for testing an objection to a peremptory challenge. The first step required the defendant to establish a prima facie case of purposeful discrimination (relying solely on the facts concerning jury selection in a defendant's case).
In the instant case, the petitioner's trial counsel, McIntosh, raised aBatson claim. The trial court, after hearing argument, concluded that the Petitioner had failed to present a prima facie case of purposeful discrimination in the state's use of the peremptory challenge and rejected the petitioner's claim. On appeal, the petitioner claimed, interalia, that the trial court erred in finding that the petitioner had CT Page 7078 failed to establish a prima facie case of purposeful discrimination in the state's use of said challenge. Our Connecticut Supreme Court found no error, concluding that the trial court was correct in determining that the petitioner had failed to establish a prima facie case, State v.Holloway, supra, at 642. Having found no error, the Supreme Court, "in the exercise of [its] inherent supervisory authority over the administration of justice," went on to announce that "in all future cases in which the defendant asserts a Batson claim, we deem it appropriate for the state to provide the court with a prima facie case response consistent with the explanatory mandate of Batson." Id., at 645-46.
Now, the petitioner claims, that, had his appellate counsel properly drawn the Connecticut Supreme Court's attention to Griffith v. Kentucky,479 U.S. 314, either in briefing or arguing his appeal, or in filing a motion to reargue, the result of his appeal would have been different. The petitioner claims his appellate counsel's failure to do so constitutes ineffective assistance. The petitioner's trial and appellate counsel, in his testimony at the habeas hearing, echoed the claim. This Court concludes that this claim is without merit and finds that the petitioner has failed to establish either prong of the Strickland test.
Batson was decided on April 30, 1986. Griffith was decided on January 18, 1987. Holloway was argued before the Connecticut Supreme Court in November, 1988 and decided in January, 1989. The Court in Griffith held that a new rule for the conduct of criminal prosecutions, such as the ruling in Batson, is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final.
The Petitioner posits that had his lawyer brought Griffith to the attention of our Supreme Court, that Court would have decided his appeal differently, applying its new rule retroactively to the Petitioner. Further, if Griffith had been brought to its attention, the Court would have realized that the rule change it initiated in Holloway had constitutional dimensions necessitating retroactive implementation. This court is not persuaded.
To establish his claim, the petitioner asks us to assume that in January, 1989, either our Supreme Court was ignorant of the Griffith
decision or that our Supreme Court, aware of Griffith, chose blithely to ignore its requirements, lacking, as it did, a Griffith claim from the Petitioner. To the contrary, we presume our Supreme Court is aware of the law of the land, including precedents set by decisions of the U.S. Supreme Court and is well aware of its obligation to follow such precedent where applicable, whether or not an appellant cites such precedent. CT Page 7079
In Holloway, our Supreme Court first decided Holloway's appeal on the merits and then went on to announce a modification of the Batson
requirements, "in all future cases. The court clearly made a considered decision that said Batson modification not apply to the petitioner's case. It is not reasonably probable that an argument based on Griffith
would have produced a contrary result.
The court's decision to exercise its inherent authority reflects its belief that the Batson modification it mandated in Holloway did not introduce a new constitutional rule requiring retroactive application. The court's supervisory powers are invoked only when circumstances are such that the issue at hand, while not rising to the level of a constitutional violation, is nonetheless "of `utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole.'" State v. Hines,243 Conn. 796, 815 quoting from State v. Holloway, supra, at 645.
See, too, State v. Patterson, 230 Conn. 385, wherein the court exercised its supervisory powers to establish prospectively a new requirement (judge in criminal trial must remain on bench throughout voir dire) and cited Holloway as an example of such exercise. State v.Patterson, supra, at 400.
In finding no error and acting "in exercise of our inherent supervisory authority," our Supreme Court made clear its position that the Petitioner's constitutional right to equal protection had not been infringed at trial. This being the case, it is not reasonably probable that an argument based on Griffith would have produced a different result.
In Holloway, our Supreme Court did not establish, as did Batson, a new constitutional rule, requiring retroactive application. Rather, our Supreme Court "modified the three step Batson procedural framework as it is used in Connecticut by relieving a defendant of the need to make an initial prima facie showing of discrimination." State v. Rigual,256 Conn. 1, 8, fn.9. It is not reasonably probable that an argument based on Griffith would have persuaded the Court to the contrary.
A criminal defendant is entitled to effective assistance of counsel, at trial and on I appeal. A defendant is not entitled to perfect representation. We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,Beasley v. Commissioner of Correction, 47 Conn. App. 253, 263.
The petitioner has failed to overcome this presumption. CT Page 7080
 VI
The petitioner has failed to establish that appellate counsel's performance was deficient or that said performance prejudiced the Petitioner.
The petitioner has failed to establish that his appellate counsel's assistance was ineffective.
Accordingly, the petition is dismissed and judgment may enter in favor of the Respondent, the Commissioner of Correction.
 By the Court, Downey, J.