[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 17273
The petitioner, Barrington Lindo, was the defendant in a criminal case entitled State of Connecticut v. Barrington Lindo, docket number CR90-0382574 in the JD of Hartford/New Britain at Hartford.
The petitioner was represented by Attorney Lawrence Hopkins of the Public Defender's Office.
On December 20, 1990, the petitioner was found Not Guilty and acquitted by reason of mental disease or defect on the following charges: Assault in the First Degree (§ 53a-50a(2) and Burglary in the First Degree (§ 53a-101).
On March 15, 1991, the Honorable Richard Damiani committed the petitioner pursuant to C.G.S. § 17a-582 to the Psychiatric Review Board for a period of time not to exceed ten years as a result of his acquittal of the charges by reason of mental disease or defect.
After a full hearing based on the preponderance of the credible, reliable, relevant and legally admissible evidence and the reasonable, logical and lawful inferences to be drawn therefrom, the court finds, rules and determines as follows.
The petitioner has remained at Whiting Forensic, Division of Connecticut Valley Hospital pursuant to the court order.
Prior to trial, the prosecutor offered the petitioner, in exchange for his pleas of guilty to the charges of Assault I and Burglary I, a sentence of twelve years suspended after six years.
Counsel for the petitioner advised the petitioner about the defense of mental disease or defect.
The petitioner claims that his counsel stated that if the petitioner was acquitted by reason of mental disease or defect he would be released in two years.
Counsel for the petitioner testified that he informed the petitioner that his mental condition would be reviewed periodically and that he could, if his condition improved, be released in two years.
The petitioner has been subject to periodic reviews of his mental condition and the PSRB has not released the petitioner after any of said reviews, obviously because they could not find that the petitioner, if released, would not be a danger to the public or to himself. CT Page 17274
The court expressly finds that the Public Defender, Attorney Lawrence Hopkins, rendered effective assistance of counsel to the petitioner and met the standard of reasonable competence of a criminal defense lawyer of ordinary skill and training in the criminal law. Strickland v.Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)Nardini v. Manson, 207 Conn. 118, 124 (1988).
The petitioner has a history of criminal behavior and mental illness. While serving previous sentence at Somers, the petitioner was transferred to Whiting Forensic Institute and was there from April 3, 1984 to May 14, 1984 for assaulting four staff members and two inmates. He also was confined to Whiting from February 11, 1987 to May 1, 1987 and again from December 16, 1988 to February 22, 1989.
The petitioner has been diagnosed as "an extremely dangerous individual who could injure or kill others," Dr. Howard Grayson, M.D. reported on November 16, 1990 prior to petitioner sentencing on March 15, 1991.
The petitioner is being held at Whiting because he has been diagnosed of being mentally ill.
He was adequately advised by defense counsel of the consequences of his defense of mental disease or defect.
The fact that the petitioner has not been released after many reviews of his condition indicates that the defense of mental disease or defect was appropriate and proper under the facts and circumstances in this case.
The petition for Habeas Corpus is denied.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE