[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The petitioner, Audley K. Watson, petitions this Court for writ of habeas corpus, alleging illegal confinement by reason of ineffective assistance of trial counsel in violation of the petitioner's rights to effective assistance of counsel as guaranteed by the Sixth andFourteenth Amendments of the Constitution of the United States
and Article I, Section 8 of the Constitution of the State of Connecticut.
The Petitioner was the defendant in a case entitled State ofConnecticut v. Audley Watson, docket number CR97-0157718-S in the Superior Court for the Judicial District of Hartford at Hartford. On May 27, 1998, the Petitioner entered a plea of guilty to one count of Murder in violation of General Statutes, § 53a-54a. The Petitioner's plea was made pursuant to the Alford Doctrine. On August 21, 1998, pursuant to said plea and conviction, the trial court (Clifford, J.) sentenced the petitioner to a total effective sentence of twenty five years. The Petitioner was represented by public defender Michael Isko.
On April 22, 1999, the Petitioner filed his petition for writ of habeas corpus. A hearing on the petition, as subsequently amended, was held on January 16, 2002.
 II
A habeas petitioner claiming deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that but for the deficient performance of counsel the result of the proceeding would have been different. Strickland v. Washington, 406 U.S. 668, 687-94,104 S.Ct. 2052, 80 L.Ed.2d 674 (1980). A criminal defendant, moreover, is CT Page 3611 entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings. Id., at 686.
Pretrial negotiation implicating the decision of whether to plead guilty is a critical stage in criminal proceedings. Colson v. Smith,438 F.2d 1075 (5th circuit, 1971). In Hill v. Lockhart, 474 U.S. 52, 57-8, the United States Supreme Court determined that the Strickland test applied to claims arising from the plea negotiation process, while modifying the "prejudice" prong as applied to pleas. Under Hill, the defendant is required to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., at 59. Where the alleged error of counsel is a failure to investigate . . . the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial, Baillargeon v. Commissioner of Correction,67 Conn. App. 716, 722-23 (quotation marks, citations omitted).
A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. State v.Silva, 65 Conn. App. 234, 256 (citations, quotation marks omitted). A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance if it is easier to dispose of the claim on the wound of insufficient prejudice. Nardini v. Manson,207 Conn. 118, 124.
 III
The charge against the petitioner stemmed from an incident occurring on or about August 27, 1997. The following facts, gleaned from the record, are not challenged: The petitioner and the victim were friends. A dispute had arisen between the victim and the petitioner's brother over the sale of an automobile. On the day in question the victim had gone to the petitioner's father's home to try to resolve the dispute. Once there, the victim and the petitioner's brother began to talk. In the course of discussion, the petitioner arrived on the scene and an argument ensued between the petitioner and the victim. The petitioner withdrew, went back to his vehicle and returned with a knife. He stabbed the victim, who suffered a puncture wound to the abdomen and died the following day.
As a result of plea negotiations, there was an agreed-upon recommendation by the state that, in exchange for his plea of guilty, the petitioner receive the mandatory minimum sentence of twenty-five years to CT Page 3612 serve.
 IV
In this appeal, the petitioner claims ineffective assistance of counsel in two respects: (1) by virtue of trial counsel's failure to investigate and conduct tests on a screwdriver, allegedly found in proximity to the victim's body following the stabbing; and (2) trial counsel incorrectly told the petitioner that he would be eligible for parole and "good time" which would likely mean that petitioner would serve less than the agreed-upon term of twenty-five years; had he been aware he would have to serve twenty-five years, he would have elected to go to trial.
As to the screwdriver, the petitioner claims there was a screwdriver found under the victim's body; that, had it been tested for the presence of blood, it would have helped the petitioner to show that the petitioner acted in self defense; that the petitioner had asked trial counsel to have the screwdriver tested and was told, "Don't worry about it." It should be noted that at no time in the course of his habeas testimony did the petitioner testify that at the time of the stabbing that the victim brandished a screwdriver, that the victim attacked him or wounded him with a screwdriver; rather, the petitioner testified merely that such testing would "definitely show that the victim was in possession of a weapon and it would have shown blood or at least a subsequent sample to prove that he attacked me." (Transcript, January 16, 2002 hearing, pp. 5, 6). At the habeas hearing, trial counsel, Isko, testified, "There were a lot of problems with the screwdriver." (Transcript, January 16, 2002 hearing, p. 29). Isko stated: "So my experience because of how the screwdriver was found and how it was described, that getting it tested would not reveal any evidence to help us but reveal evidence that would harm us. There was no useful purpose in having it tested." (Transcript January 16, 2002 hearing, p. 29). Isko went on to testify that at the hearing in probable cause witness testimony "decimated" the petitioner's self defense claim. The Court finds that in declining to have the screwdriver in question tested, trial counsel was not ineffective, but reasonably exercised his professional judgment. Further, the petitioner has failed to establish that a testing of the said screwdriver would have produced evidence such that the petitioner would have elected to proceed to trial, and has failed to establish that the test results would have caused defense counsel to change his recommendation that the petitioner accept the State's offer.
The petitioner's second claim of ineffective assistance is that trial counsel advised him that although the agreement was that he would be sentenced to twenty five years to serve, he could expect to receive "good time" or be paroled, or both, resulting in less than twenty-five years CT Page 3613 imprisonment. (Transcript, January 16, 2002 hearing, p. 7). Had he known, the petitioner avers, that he would have to serve twenty-five years, "day for day," he would have elected to proceed to trial. The petitioner claims that although he understood his sentence was to be for twenty-five years, he was unaware this was a mandatory minimum sentence with no "good time" credit or parole. The Court is not persuaded. Trial counsel, an experienced criminal defense lawyer, testified credibly that he never told the petitioner that he would do less than twenty-five years (Transcript, January 16, 2002 hearing, pp. 32, 33). Trial counsel stressed that in deciding whether to accept the state's offer, the issue for the petitioner was to accept the twenty-five years or go to trial, where, if convicted of murder, he would have an exposure of sixty years (Transcript, January 16, 2002 hearing, p. 31). Further, at the time of plea, the court, in its canvass asked the petitioner, "Do you understand that the agreement here based on your plea of guilty to the charge of murder is for that minimum sentence, which cannot be suspended, which is twenty-five years. Do you understand that?" To which the petitioner replied, "Yep." (Plaintiff's Exhibit 1, transcript of plea hearing, May 21, 1998, p. 8). The Court finds that the petitioner has failed to establish, by a fair preponderance of the evidence, that his trial counsel advised him that he would serve less than twenty-five years if the petitioner accepted the state's offer, and has failed to establish that, but for his belief he would serve less than twenty-five years petitioner would have elected to proceed to trial.
 V
The petitioner, Audley K. Watson, has failed to establish his claims of ineffective assistance of trial counsel. Accordingly, the petition for writ of habeas corpus is dismissed and judgment may enter in favor of the respondent.
By the Court,
Downey, J.T.R.