[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas mailer. The petitioner, Ernest Hulse, claims he is incarcerated in violation of his rights to due process in that his conviction was the result of a coerced confession and that his trial counsel was ineffective in failing to move to suppress said confession and failed to advise his client that, were such motion denied, the petitioner could elect to enter a plea of nolo contendere on the underlying charge, pursuant to Practice Book, § 39-37, thus preserving his right to appeal the denial of said motion to suppress.
 II
The petitioner was the defendant in the mailer of State v. Hulse, CR 98-0272932, in the Judicial District of Waterbury, charged with one count of sexual assault in the first degree in violation of General Statutes, § 53a-70 and one count of threatening, in violation of General Statutes, § 53a-62. On January 26, 1999, the petitioner entered a plea of nolo contendere on the sexual assault in the first degree charge, and on March 26, 1999, the petitioner was sentenced to a term of eight years, suspended after three years and ten years probation for a total effective sentence of three years, which sentence reflected the agreed upon recommendation of the state. The petitioner filed his petition for writ of habeas corpus on April 11, 2000 and a hearing on said petition, was held on January 17, 2002.
 III
The petitioner's conviction stemmed from events occurring on or about May 10, 1998. Prior to that date the petitioner and the victim had met each other on a telephone "chat line" and agreed to meet in person. On May 10th the petitioner drove a van to the victim's neighborhood and picked the victim up. They then drove to Lakewood Park in Waterbury and parked. The two then moved from the driver's seat to the seat immediately behind. The petitioner locked the van doors. The petitioner placed his penis in the victim's mouth while he paddled her bottom with a racquetball CT Page 4858 paddle. The petitioner claims the intercourse was consensual. The state claimed the intercourse was forced.
 IV
The use of an involuntary confession in a criminal trial is a violation of due process. The state has the burden of proving the voluntariness of the confession by a fair preponderance of the evidence. [T]he test of voluntariness is whether an examination of all the circumstances discloses that the conduct of law enforcement officials was such as to overbear [the defendant's] will to resist and bring about confessions not freely self-determined. The determination, by the trial court, whether a confession is voluntary must be grounded upon a consideration of the circumstances surrounding it. Factors that may be taken into account, upon a proper factual showing, include: the youth of the accused, his lack of education, his intelligence, the lack of any advice as to his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning and the use of physical punishment, such as the deprivation of food and sleep. State v. Pinder, 250 Conn. 385,418-19 (citations, quotation marks omitted). Exhortations [by police] should not be cast in terms of express or implied promises that the law enforcement authorities will seek to obtain for the defendant a more favorable court disposition than if he had not cooperated. State v.Chung, 202 Conn. 39, 55 (citation omitted).
A habeas petitioner claiming deprivation of his constitutional right to effective assistance of counsel has the burden of showing (1) that the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that but for the deficient performance of counsel the result of the proceeding would have been different, Strickland v. Washington, 406 U.S. 668, 687-94,104 S.Ct. 2052, 80 L.Ed.2d 674 (1980).
A criminal defendant is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings. Id., at 686. Pretrial negotiation implicating the decision of whether to plead guilty is a critical stage in criminal proceedings, Colson v. Smith, 438 F.2d 1075
(5th circuit, 1971). In Hill v. Lockhart, 474 U.S. 52, 57-8, the United States Supreme Court determined that the Strickland test applied to claims arising from the plea negotiation process, while modifying the "prejudice" prong as applied to pleas. Under Hill, the defendant is required to show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., at 59. CT Page 4859
A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. State v.Silva, 65 Conn. App. 234, 256 (citations, quotation marks omitted). A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance if it is easier to dispose of the claim on the ground of insufficient prejudice. Nardini v. Manson,207 Conn. 118, 124.
 V
The petitioner claims that his confession was involuntary as coerced or improperly induced by promises of lenient treatment. Once such claim is made, the burden shifts to the respondent to prove that the petitioner knowingly and voluntarily waived his right to be silent, State v. Chung,202 Conn. 39, 48. Although the petitioner alleged coercion, there is little in the record to support such a claim. The claim that the petitioner was unfamiliar with the criminal justice system is insufficient to support the claim of coercion. The Court finds that the petitioner voluntarily visited the Waterbury police department on two occasions, June 4, and June 11, 1998, that on each occasion he was questioned regarding his involvement in the events which led to his conviction; that on each occasion he voluntarily underwent a lie detector test; that on each occasion he was given his "Miranda" rights, although not in custody; that at no time in the course of these visits did he believe he was under arrest or in custody. On both occasions the petitioner was told he could have a lawyer and was told he was free to leave at any time. The Court finds that on June 4, the petitioner gave a written statement and gave a second statement on June 11. The June 11 statement was inculpatory. At the habeas hearing, when asked why he'd changed his statement from June 4, to June 11, the petitioner answered, ". . . 6, 7 times he asked me was it consensual. I said yes and then he kept asking me over and over did she ever say stop or no, something to that effect and I said no, she never did and he asked me 6 different times." (Habeas Transcript, pp. 108-09). Assuming, arguendo, that the police investigator asked the petitioner 7 times, was it consensual?, such conduct fails to establish that the petitioner's confession was coerced. The record fails to show the petitioner was subject to compelling pressures which undermined his will to resist and compelled him to speak where he otherwise would not have done so, State v. Chung, Supra, at 46 (citations, quotation marks omitted).
In his habeas testimony, the petitioner focused on his claim that he was induced to make his June 11, 1998 statement, said statement including "And she said stop at least 1 stop", by the police officer's inducement that the petitioner would do no jail time if he admitted the victim said CT Page 4860 no at least once. At the habeas hearing the officer credibly denied he at any time threatened, coerced or induced the petitioner to make said statement. When asked "Did you make any offers of leniency to Mr. Hulse during the time that you interviewed him on June 11? ", the officer answered, "No, I don't have the authority to do that. I didn't do that." (Habeas Transcript, p. 96). In contrast, the petitioner was unable to recall visiting the police station twice. The petitioner testified that the officer "led me to believe that if I said she said stop maybe one time that I wouldn't go to jail . . .", but was unable to recall "how he stated it", (Habeas Transcript, p. 109) and further, the petitioner testified "He led me to believe that I wouldn't go to jail. I wouldn't say it was a promise but that was my assumption." (Habeas Transcript, p. 111). The respondent has established, by a fair preponderance of the evidence that the petitioner's statement was made voluntarily, with neither threat, coercion or improper inducement.
 VI
In his Count Two, the petitioner claims ineffective assistance of counsel by reason of trial counsel's failure to move to suppress the petitioner's statement of June 11, 1998, and by trial counsel's failure to inform his client that should such motion be denied, the petitioner, by entering a nolo contendere plea could preserve his right to appeal the denial of said motion. The Court is not persuaded.
At the habeas hearing trial, counsel testified he believed at the time of trial that the motion to suppress was unlikely to be granted. In the course of plea negotiations the presiding judge opined that the motion was unlikely to be granted. Moreover, it was trial counsel's understanding that should he press the motion, the state's offer of three years to serve would be withdrawn. The state indicated it was prepared to go to trial, whatever the ruling on a motion to suppress. In plea negotiations the state made an offer of eight years, suspended after three years; the petitioner's maximum exposure if convicted after trial was twenty years. In the circumstances, trial counsel concluded it would not be in his client's interest to press a motion to suppress and recommended to the petitioner that he accept the state's offer. The Court finds that trial counsel, in electing not to pursue a motion to suppress his client's statement of June 11, 1998, was not ineffective, but reasonably exercised his professional judgment. The Court finds that trial counsel's conduct in this regard fell within the wide range of reasonable professional assistance. Moreover, having reasonably concluded that it was not in his client's interest to press a motion to suppress the June 11 statement, trial counsel was not obligated to explain to the petitioner that, by pleading nolo contendere he could preserve his right to appeal a denial of said motion. Trial counsel's failure so to advise CT Page 4861 the petitioner did not constitute ineffective assistance of counsel and did not prejudice the petitioner.
 VII
The petitioner has failed to establish any of his claims of illegal confinement. Accordingly, the relief requested is denied, the petition is dismissed and judgment may enter in favor of the respondent.
BY the Court,
Downey, J.