[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Troy Butler, filed his petition on February 5, 1997, alleging illegal confinement by reason of ineffective assistance of counsel at time of trial. The respondent filed a return on April 3, 1999 and a hearing on the petition was held on May 7, 1999 and continued for filing of post-trial memoranda. On August 11, 1999, the petitioner filed a motion to amend his amended petition to conform to trial evidence. The proposed amendment essentially adds a second count, alleging violation of due process. Without objection, the court grants said motion and proceeds on the Second Amended Petition, as filed on August 11, 1999.
 II
The petitioner was the defendant in a criminal case, State v.Troy Butler, No. CR 6-356057, brought in the Judicial District of New Haven, charged with Manslaughter in the First Degree in violation of General Statutes, Section 53a-55 (a)(1); Conspiracy to Commit Manslaughter in the First Degree in violation of General Statutes, Sections 53a-48 and 53a-55 (a)(1); and Carrying a Pistol Without a Permit in violation of General Statutes, Section 29-35 On July 9, 1992, the defendant entered pleas of not guilty and elected trial by a jury.
On or about January 7, 1993, the State filed a substitute information, charging the petitioner with Conspiracy to Commit Murder, in violation of General Statutes, Sections 53a-48 and53a-54a; Manslaughter in the First Degree in violation of Section53a-55 (a)(1); Manslaughter in the First Degree in violation of General Statutes, Section 53a-55 (a)(3); and Carrying a Pistol without a Permit in violation of General Statutes, Section 29-35.
On February 11, 1999, after jury trial, the petitioner was found guilty of conspiracy to commit murder, manslaughter in the first degree in violation of General Statutes, Section 53a-55
(a)(1) and carrying a pistol without a permit.
On April 2, 1993 the petitioner was sentenced to twenty years, suspended after thirteen years, with three years probation, on the conspiracy to commit murder charge; ten years suspended after five years, to run consecutive, on the manslaughter charge; and four years consecutive to counts one and two, on the carrying pistol without a permit charge; for a total CT Page 14231 effective sentence of thirty years, suspended after twenty two years, with three years probation.
The petitioner appealed his conviction and the judgment was affirmed, State of Connecticut v. Troy Butler, 36 Conn. App. 920.
 III
The petitioner claims that he was never arraigned nor put to plea on the charge of conspiracy to commit murder, which omission deprived him of due process of law guaranteed to him by the Fourteenth Amendment of the Constitution of the United States. The petitioner also claims that trial counsel failed to render effective assistance of counsel by failing to ensure that petitioner be arraigned and put to plea on the conspiracy to commit murder count; and by counsel's waiver of the petitioner's right to elect a bench or jury trial without any consultation with petitioner, all of which deprived the petitioner of his right to a fair trial as guaranteed by the Sixth Amendment and his right to due process and equal protection, as guaranteed by the Fourteenth Amendment to the Constitution.
 IV
A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings, Copas v. Commissioner, 234 Conn. 139, 153
(citation omitted). A habeas petitioner claiming ineffective assistance of counsel has the burden of showing (1) that the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability, that, but for the deficient performance of counsel, the result would have been different, Strickland v. Washington,466 U.S. 668, 687-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome, Id.
"[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . .", Id., at 689-90.
A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance if it is CT Page 14232 easier to dispose of the claim on the ground of insufficient prejudice, Norton v. Manson, 207 Conn. 118, 124.
Under both the constitutions of the United States (Amendments, Article VI) and Connecticut (Article First, Section 8) an accused in a criminal matter has the right to be informed of the nature and cause of the accusation. The filing of an information and an arraignment of the accused have among their purposes an assurance that the accused is informed of the nature and cause of the accusation. A prosecutor has broad authority to amend an information prior to the commencement of trial under Practice Book, Section 623 (now S. 36-17), State v. Cole,8 Conn. App. 645. The rules seek to protect a defendant's right to fair and adequate notice of the charges against him so as to afford him an opportunity to prepare an adequate defense, Id.
 V
On July 9, 1992, the petitioner was arraigned and put to plea, charged in a three count information with manslaughter in the first degree, conspiracy to commit manslaughter in the first degree and carrying a pistol without a permit, in connection with the death of Antoine Wright. The petitioner entered pleas of not guilty and elected a trial by jury.
Prior to the commencement of voir dire, a hearing was held on January 8, 1993 at which reference is made to the State having filed a substituted information on the previous day. The Court (Hadden, J.), indicates that the matter had been continued to the 8th to afford petitioner's trial counsel an opportunity to review the substituted information (Transcript, January 8, 1993, page 2). In this substituted information, the petitioner is charged with conspiracy to commit murder, two counts of manslaughter in the first degree and carrying a pistol without a permit. The record indicates that at, or prior to, the outset of the hearing, the petitioner's trial counsel filed a motion for a bill of particulars or its equivalent. A discussion ensued among prosecutor, petitioner's trial counsel and judge regarding trial counsel's concerns with the substitute information and its ramifications. (Transcript, pp. 2-17). The petitioner's objection to the filing of the substituted information was overruled, [also characterized by the Court as a denial of a motion to strike per Practice Book, Section 623, now Section 36-17], following which the Court granted the petitioner's motion for continuance to allow petitioner's counsel additional time to review and CT Page 14233 investigate the allegations of the substituted information. In the course of this hearing the Court granted paragraph 1 of the petitioner's request for bill of particulars, with reference to the identity of the alleged co-conspirator re: count one, the conspiracy to commit murder charge. In granting this part of the petitioner's request the Court opines,: "It seems to me . . . the defendant is entitled to know who is the person or persons with whom the defendant allegedly had an agreement to commit murder" (p. 13). Later, the court, in questioning the petitioner as to his understanding of the discussion states: "For reasons your attorney has indicated he would prefer to have [the trial] delayed to give him the opportunity to conduct further investigation in view of the new allegations that have been made against you."
What is clear from the record, and is not seriously disputed, is that the petitioner was never formally arraigned and put to plea on the first count, conspiracy to commit murder, of the substituted information, filed on January 7, 1993. That notwithstanding, the court concludes that the petitioner had fair and adequate notice of the charges against him and the failure again to arraign him and put him to plea on the conspiracy to commit murder did not deprive him of a fair trial.
 VI
The petitioner claims that he was unaware that he had been charged with conspiracy to murder until after he was sentenced; that had he known, he would have elected a trial to the court rather than a trial to a jury. After hearing testimony and reviewing the record, the court is not persuaded.
A review of the record shows that, apart from the hearing of January 8, 1993, reference is made, in the petitioner's presence, during voir dire, to his being charged with conspiracy to commit murder (Exhibit A-4, Transcript, January 21, 1993; p. 23; p. 38; p. 71; Exhibit A-2, Transcript, January 25, 1993, p. 10; Exhibit A-5, Transcript, January 27, 1993); also during the trial judge's opening instructions to the jury (Exhibit A-6, Transcript, January 29, 1993, p. 21, p. 22, p. 23); during argument on motion for judgment of acquittal, by petitioner's trial counsel (Ex. A-12, Transcript, February 10, 1993, pp. 791-92) and by the prosecutor (Ex. A-12, p. 794, p. 796); during closing argument, by the prosecutor (Ex. A-12, p. 829, p. 833, pp. 834-36) and by the petitioner's trial counsel (Ex. A-12, pp. 861, 862); by the CT Page 14234 trial court judge in his instructions to the jury (Ex. A-12, p. 917, p. 919, p. 921, pp. 923-25, pp. 927-28. The court finds the petitioner has failed to establish his claim that he was unaware he'd been charged with conspiracy to commit murder until after sentencing. The petitioner had timely and adequate notice of the substituted charge of conspiracy to commit murder
 VII
It is clear from the record that the petitioner's trial counsel was aware, from the time the said substituted information was filed, of the substituted count one. The petitioner had previously been put to plea on the manslaughter in the first, Section 53a-55 (a)(1), charge and on the carrying a pistol without a permit charge. At no time did trial counsel demand that his client be put to plea on the substituted charge of conspiracy to commit murder and this constituted a waiver of his client's right to be put to plea on the substituted count one. It is clear from the record that the petitioner's trial counsel was aware of the substituted count, proceeded to trial on the basis that his client's plea to the new count of conspiracy to commit murder was "not guilty", and that his client's election, on July 9, 1992, still stood.
 VIII
The petitioner claims that his attorney never informed him of his right to elect a trial to the court on the substituted count, and that, had he known of this right he would have elected a trial to the court. Trial counsel's habeas testimony that he has no recollection of informing the petitioner of his right of election and that his notes reflect no such advice does not suffice to overcome the presumption that trial counsel's conduct fell within the wide range of competent professional assistance.
Further, the petitioner had been made aware of his right to elect a trial to the court or to a jury at the hearing of July 9, 1992.
Assuming, arguendo, that trial counsel failed to raise with his client the issue of election following the filing of the substituted information on January 7, 1992, the petitioner has offered no persuasive reason why the filing of the substituted information would have prompted him to change his election:
CT Page 14235 The petitioner testified that, had he been put to plea, he would have entered a plea of "not guilty". Both the petitioner and his trial counsel acknowledged that their primary defense to the charges was to attack the identification of the petitioner by the prosecutor's identification witness; the substitution of the new, conspiracy to commit murder, charge, did not change the basic defense
The court acknowledges that a criminal defendant has the right to elect, for any reason, or no reason at all, a trial to the court. But a habeas petitioner, making the claim that he would have elected a trial to the court, must offer a reason or reasons to persuade the court of the truth of the claim. This the petitioner has failed to do. The petitioner's explanation that a judge would be less prone to emotion than a jury is not persuasive in the circumstances of this case.
Moreover, the petitioner must show prejudice in order to establish that he was denied the right of due process of law,State v. Marsala, 44 Conn. App. 84, 89. The petitioner has failed to show prejudice such as to have deprived him of his constitutional right to a fair trial. The petitioner has failed to establish, by a fair preponderance of the evidence, that there is a reasonable probability that the outcome of the trial would have been different had he elected a trial to the court.
Similarly, the petitioner has failed to persuade the court that, had trial counsel a) ensured that the petitioner be arraigned and put to plea on the charge of conspiracy to commit murder; and b) had consulted with the petitioner regarding the petitioner's right to elect a bench or jury trial on the charge of conspiracy to commit murder, the outcome of the petitioner's trial would have been different.
The petitioner has failed to establish, by a fair preponderance of the evidence, that he was denied effective assistance of trial counsel and has failed to establish he was deprived of due process by failure to be arraigned and put to plea on the charge of conspiracy to commit murder.
Accordingly, the relief requested is denied and the petition is dismissed. Judgment may enter in favor of the respondent.
By the Court
CT Page 14236 Downey, J.