[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, Andrew L. Lamothe, alleges in his petition for a Writ of Habeas Corpus dated July 13, 2001, that he was denied the effective assistance of counsel at the trial level in violation of the Sixth andFourteenth Amendments to the United States Constitution. For the reasons set forth more fully below, the petition shall be denied.
The claim of ineffective assistance of counsel alleges three specific ways in which the petitioner's trial defense counsel was deficient. First, the petitioner asserts that the trial counsel failed to file a Motion for a Bill of Particulars. Second, the petitioner complains that the trial counsel failed to obtain copies of the statements of the witnesses prior to trial. Finally, he alleges that his trial counsel did not possess knowledge of the "Rape Shield Statute" prior to commencement of trial.
This matter came on for trial before the Court on September 4, 2002. The petitioner, the petitioner's father, Robert Lamothe, and the petitioner's trial counsel, Attorney Anthony Famiglietti testified at the trial. In addition, the Court received transcripts of the petitioner's trial into evidence. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
 Findings of Fact 1. The petitioner was the defendant in the criminal case of State vs. Lamothe, Docket Number 95-91487 tried in the Judicial District of Hartford/New Britain at Hartford where he was charged with violating C.G.S. §§ 53a-70 (a) (2), 53a-71, and 53-21.
2. On September 26, 1997, the petitioner was convicted of all of the charged offenses following CT Page 12866 a trial to the jury.
 3. On October 31, 1997, the Court, Mulcaby, J., sentenced the petitioner to a total effective sentence of eight years incarceration, execution suspended after the service of two years, to be followed by four years of probation.
 4. The petitioner's direct appeal of his case was denied and his conviction upheld by an Appellate Court opinion dated May 23, 2000. State vs. Lamothe, 57 Conn. App. 736 (2000).
 5. The victim of the sexual assaults case was born on June 22, 1981.
 6. The state filed a long form information alleging that one of the acts of sexual intercourse between the petitioner and the victim occurred between June 1, 1994 and June 22, 1994.
 7. At all times during that period, the victim was under the age of thirteen.
 8. At no time during the pendency of the criminal case did the petitioner's trial defense counsel file a motion requesting a Bill of Particulars.
 9. The Hartford/New Britain State Attorney office maintained an open file policy. Accordingly, the trial defense counsel had access to, and physical possession of, all statements of witnesses before that witness testified at trial.
 10. The trial defense counsel was admitted to the Connecticut bar in 1976 and had had prior experience trying criminal matters.
 11. By his own admission, the trial defense counsel was not, at the time of the trial of the petitioner's case, familiar with C.G.S. § 54-86f, colloquially known as the "Rape Shield Statute."
 Discussion of Law
CT Page 12867
Any claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court in Stricklandvs. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment." Strickland, infra
at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra at 687. In short, the petitioner must show deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
Trial in this Court of a Habeas petition is not an opportunity for a new counsel to attempt to re-litigate a case in a different manner. It is indisputable fact that many times if one had foreknowledge of certain events; different courses might well have been taken. The Court is certain that had Captain Smith of the ill-fated RMS Titanic been aware that his ship would sink after colliding with an iceberg that he either would have taken a more southerly route or laid to for the night of April 14th, 1912. Likewise, a habeas court knowing the outcome of the trial "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." Beasleyvs. Commisioner of Corrections, 47 Conn. App. 253 at 264 (1979), cert. den. 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry vs. Commissioner of Correction, 60 Conn. App. 313
at 317 (2000).
The credibility of the witnesses was an essential aspect of the petitioner's trial. The underlying criminal matter alleged, inter alia, that the petitioner had had sexual relations with a young girl who, at CT Page 12868 the time of the first sexual encounter, was under the age of thirteen. The trial of this case essentially boiled down to the jury being confronted with the version of events as told by the victim (i.e. the act of sexual intercourse happened) and the version of events as told by the petitioner (there never was any sex of any type). From the verdict, it is clear that the jury chose to believe the testimony of the victim and consequently rendered verdicts of guilty. As noted by the Appellate Court on appeal, "[i]n this case, the jury reasonably could have concluded that the defendant and the victim engaged in sexual intercourse on three separate occasions. Additionally, the jury reasonably could have found that on the first of those three occasions, the victim was not yet thirteen years old. In addition to the testimony of the victim, the state presented constancy of accusation witnesses as well as the testimony of the defendant's friend, who testified that the defendant admitted to having sex with the victim. The credibility of the witnesses is for the jury to determine. See State v. Santiago, 245 Conn. 301, 318, 715 A.2d 1
(1998). The jury may "draw whatever inferences from the evidence or facts established by the evidence it deems to be reasonable and logical.' (Internal quotation marks omitted.) State v. Berger, 249 Conn. 218, 224,733 A.2d 156 (1999)." State vs. Lamothe, 57 Conn. App. 736 at 742
(2000).
It is not necessary to consider whether a trial counsel's performance was deficient if the Habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ("[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')" Valeriano vs. Bronson, 209 Conn. 75 at 86 (1988). This first requires a consideration of the effect of three charges of deficiency made by the petitioner.
The petitioner did not suffer any prejudice as a result of any of the challenged actions or omissions of the trial counsel. To be sure, the credibility of the victim and the petitioner were pitted one against the other. It is likewise clear that the jury resolved that contest against the petitioner. Nevertheless, even had the petitioner's trial counsel: immediately filed a Motion for a Bill of Particulars; obtained copies of the statements of the witnesses as they were being written; and been recognized as one of our state's foremost experts on the "Rape Shield Statute," none of this could have done anything to undermine the jury finding the testimony of the victim to be more credible than that of the CT Page 12869 petitioner. Accordingly, there is no way that this Court can possibly conclude that the petitioner suffered any prejudice as a result of the trial counsel's actions or omissions. Even assuming deficient performance, the petitioner must still show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland, infra at 694. The issue of the trial counsel's ignorance surrounding the "Rape Shield Statute" is the easiest to dispel. There has been no showing that there was any evidence that the trial counsel failed to get into court as a result. Indeed, at P. 212 of Exhibit A, the trial counsel's ignorance of the statute and the state attorney's reluctance to object allowed evidence that probably would have been barred under that statute to come into the case. If there was any prejudice, it was at the expense of the state and the victim. As regards the Bill of Particulars, the petitioner was clearly on notice that he was being charged with an act of sexual intercourse that was before the victim's 13th birthday. To the extent that there was any prejudice to the defendant in this regard, it made the ability to submit an alibi defense more difficult. Nevertheless, there has been no evidence introduced that there was a viable alibi defense that could have been raised if only the state had pinpointed the exact time and date of the first act of intercourse. Accordingly, this Court will find that the petitioner has failed in his burden of proof as regards showing prejudice. Finally, there has been no proof that there were any matters in the statements that would have led to a different approach to cross-examination by the trial defense counsel. So, once again, the petitioner has failed to show prejudice.
Given the failure of the petitioner to show any prejudice, even assuming that the acts or omissions of trial counsel were deficient, this Court will deny the petition for habeas corpus.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
S.T. Fuger, Jr., Judge CT Page 12870