[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
In his petition for a Writ of Habeas Corpus originally filed on September 29, 1998 and amended on August 15, 2001, the petitioner, Robert Torres, alleges that he was denied the effective assistance of counsel at the trial level in violation of the Sixth andFourteenth Amendments to the United States Constitution and Article I, § 8 of the Constitution of the State of Connecticut. For the reasons set forth more fully below, the petition shall be denied.
The claim of ineffective assistance of counsel alleges three specific ways in which the petitioner's trial defense counsel was deficient. First, the petitioner asserts that the trial counsel failed to pursue pretrial motions to suppress evidence and statements attributed to the petitioner. Second, the petitioner complains that the trial counsel failed to properly investigate the case and to advise the petitioner of his findings. Finally, he alleges that his trial attorney did not object to improper jury instructions regarding the risk' of injury charge
This matter came on for trial before this Court on September 4, 2002 and again on October 24, 2002. The petitioner, the petitioner's trial counsel, Attorney John Stawicki and Detective James Rovella testified at the trial. In addition, the Court received transcripts of portions of the petitioner's trial into evidence, marked as Exhibits A and B. The Advisement of Miranda Rights form was admitted as Exhibit C. The Court has reviewed all of the testimony and evidence and reaches the following findings of fact.
 Findings of Fact
1. The petitioner was the defendant in the criminal case of State vs. Torres, tried in the Judicial District of Hartford where he was charged in a five count information with: (1) conspiracy to commit murder in violation of C.G.S. §§ 53a-48 and 53a-54a; CT Page 13587 (2) murder in violation of C.G.S. § 53a-54a; (3) criminal attempt to commit assault in the first degree in violation of C.G.S. §§ 53a-49 (a) (2) and 53a-59 (a) (1); (4) assault in the second degree with a firearm in violation of C.G.S. §§ 53a-60a
and 53a-60 (a); (5) risk of injury to a child in violation of C.G.S. § 53-21.
 2. The petitioner was convicted of the first, third and fifth counts following a trial to the jury.
 3. The Court, Spada, J., sentenced the petitioner to twenty (20) years on the first count, twenty (20) years on the third count, and ten (10) years on the fifth count, all sentences to run consecutively for a total effective sentence of fifty (50) years to serve.
 4. The petitioner's direct appeal of his case was denied in part and granted in part and his conviction on the third count reversed but his convictions on counts one and five upheld by an Appellate Court opinion dated December 2, 1997.[1] State vs. Torres, 47 Conn. App. 205, (1997).
5. Attorney John Stawicki represented the petitioner at trial.
 6. Attorney Stawicki is an experienced criminal law practitioner having graduated from the University of Bridgeport School of Law in 1980 and serving as counsel in numerous criminal matters, including the trial to verdict of twenty-five to thirty murder trials during his career.
 7. The officer assigned to investigate the incident that formed the basis of these charges was Detective James Rovella, then employed by the Hartford Police Department.
 8. Detective Rovella obtained an arrest warrant on the basis of evidence uncovered during his investigation.
9. The petitioner was arrested on this warrant while attending a party in the city of New Britain during CT Page 13588 the early morning hours of June 4, 1994.
 10. The petitioner was transported to the city of Hartford in the custody of the police and initially declined to speak with Det. Rovella.
 11. Later in the day of his arrest, the petitioner apparently changed his mind and elected to speak with Det. Rovella and an agent from the Federal Bureau of Investigation (FBI).
 12. After Det. Rovella had properly advised the petitioner of his rights to silence and representation, the petitioner waived his rights and provided a voluntary oral statement to the police.
 13. The state's attorney office for the Hartford Judicial District maintains an "open file" policy that allows defense counsel full and unfettered access to the criminal investigation files in their possession.
 14. Attorney Stawicki had sufficient opportunity to examine these files and to conduct his own investigation into the charges. During the course of his investigation, Mr. Stawicki interviewed Det. Rovella and the FBI agent but was rebuffed in his attempts to interview the three civilian witnesses. Atty. Stawicki discussed the results of his own investigations with his client, the petitioner.
 15. In his conversations with Atty. Stawicki, the petitioner did not deny making a statement to Det. Rovella, although he did take some factual issue with the contents of that statement.
 16. There was a search warrant executed on the premises at which the petitioner had been living.
 17. The petitioner did not file a motion to suppress either the results of the search or the statement given to Det. Rovella.
18. The petitioner's attorney did not object to the instruction given by the Court on the risk of injury CT Page 13589 charge.
 Discussion of Law
Any claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court in Stricklandvs. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, infra
at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra at 687. In short, the petitioner must show deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
Trial in this Court of a habeas petition is not an opportunity for a new counsel to attempt to re-litigate a case in a different manner. A habeas court, knowing the outcome of the trial, "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." Beasley vs. Commissioner ofCorrections, 47 Conn. App. 253 at 264 (1979), cert. den. 243 Conn. 967
(1998). Any criticism by the petitioner of the tactical decisions made by Atty. Stawicki is undoubtedly colored by the fact that the petitioner has been convicted and sentenced. Had the result at trial been more favorable to the petitioner, it is likely that he would have had a different opinion of his attorney. In light of this, more than likely, natural human response, "[a] fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry vs. Commissioner ofCorrection, 60 Conn. App. 313 at 317 (2000). CT Page 13590
In the instant case, it is important to examine what was not introduced into evidence as well as what was. At the trial of the habeas matter, the petitioner has proven that Atty. Stawicki did fail to file motions to suppress the statement and results of the search and that he failed to object to the judge's instruction on risk of injury. What was lacking from the petitioner's case is any evidence by which this court could conclude that the failure to do either of those acts was substandard performance by the trial counsel. The failure of the petitioner to bring any expert testimony before this court leaves the court without any evidence to determine if the performance of the trial counsel was deficient. Standing by itself, the mere failure to file a motion to suppress is no evidence of a deficiency in performance. Indeed, the failure to file such a motion may well have been mandatory. For example, Rule 3.1 of the Rules of Professional Conduct states that: "[a] lawyer shall not bring or defend a proceeding or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law." As an attorney and member of the Connecticut bar, the petitioner's trial counsel is bound by this rule and could well have faced some form of formal discipline had he pursued these motions if there was no basis for doing so. There has been no proof, either in the form of questions directly put to the trial counsel, or in the form of expert opinion that would permit this Court to find any basis for filing such motions. Essentially, the petitioner is now asking this Court to adopt the practice of second guessing the trial counsel and finding that it is deficient performance to fail to file a motion to suppress at any time there is a search or statement attributed to the defendant. To adopt such a rule would put trial defense counsel in the uncomfortable position of having to choose between running the risk of being accused of deficient performance in a post conviction habeas proceeding if they fail to file such motions, and having to answer to the Statewide Grievance Committee for a violation of Rule 3.1 if he or she does file such a baseless motion. In the absence of any evidence that tends to establish that there was a good faith basis to file such suppression motions, the Court will not question the trial tactics of a trial defense counsel who declines to do so.
Even, assuming arguendo, that there had there been some evidence introduced at the habeas trial to establish that the submission of a suppression motion was warranted, the petitioner still faces a heavy burden in order to prevail on this issue. "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that hisFourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the CT Page 13591 excludable evidence in order to demonstrate actual prejudice." (internal citations and quotations omitted) Kimmelman vs. Morrison, 477 U.S. 365,375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986).
It is not necessary to even consider whether a trial counsel's performance was deficient if the Habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) (`[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')" Valeriano vs. Bronson, 209 Conn. 75 at 86 (1988). Where there has been no proof of any prejudice, the Court has no choice but to deny the petition for a Writ of Habeas Corpus.
The petitioner has failed to introduce any evidence in regard to the issue of the failure of the trial defense counsel to object to the judge's instructions on the risk of injury charge. Atty. Stawicki testified that he did not recollect the instructions of the judge. At that point, there were no further questions along that line. There has been no expert testimony to the effect that the instruction was defective and that a reasonably competent counsel would have objected. Accordingly, while it is true that the trial defense counsel did not object to the instruction this court has been presented with no evidence by which it can conclude that the failure to do so was deficient performance. As noted before, there was no expert evidence presented that identified a deficiency in the instruction and that the failure of the trial defense counsel to object was deficient performance. Moreover, this Court would not have entertained a direct attack upon the instruction itself. "[H]abeas corpus proceedings are not an additional forum for asserting claims that should properly be raised at trial or in a direct appeal." Tillman vs. Commissioner of Corrections, 54 Conn. App. 749, 755
(1999), cert. den., 251 Conn. 913 (1999). In fact, while the petitioner did challenge some of the instructions at his trial on his direct appeal[2], he did not raise a challenge to the risk of injury instruction. State vs. Torres, 47 Conn. App. 205
(1997). The direct appeal was the proper vehicle by which to have attacked that instruction. The only issue that would be properly before the habeas court is the argument that the failure of trial defense counsel to raise an objection at trial was an ineffective assistance of counsel. The petitioner failed in his proof.
There are two additional matters that are worthy of comment at this CT Page 13592 point. First, there was some testimony at the trial that concerned some comments attributed to the trial judge. Even if the testimony is accepted as being true and accurate, there is no indication that these allegedly inappropriate comments had any affect whatsoever upon the outcome of the petitioner's case. Moreover, even if true, the habeas court is not the proper forum at which this should be addressed. Second there was some totally unsubstantiated testimony from the petitioner alleging that the assistant state's attorney had paid off some witnesses in his case. Upon cross-examination, the petitioner admitted that he did not witness this alleged event. This is a most serious charge and not one that should be made lightly or without basis. In the instant case, it definitely appears to have been made without basis. Accordingly, this Court will totally reject the petitioner's allegation of misconduct on the part of the assistant state's attorney who prosecuted his matter.
The petitioner did not suffer any prejudice as a result of any of the challenged actions or omissions of the trial counsel. Even assuming deficient performance, the petitioner must still show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, infra at 694.
Given the failure of the petitioner to show that the acts or omissions of trial counsel were constitutionally deficient, let alone a showing of any prejudice flowing therefrom, this Court will deny the petition for habeas corpus.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
S.T. Fuger, Jr., Judge