[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision 
The petitioner, Raymond Cardinal, alleges in his petition for a Writ of Habeas Corpus originally filed with the Court on September 17, 2001 that he was denied the effective assistance of counsel at the trial level in violation of the Sixth and Fourteenth Amendments to the United States Constitution as well as Article I, Section 8 of the Constitution of the state of Connecticut. For the reasons set forth more fully below, the petition shall be denied.
The claim of ineffective assistance of counsel alleges that the performance of the petitioner's trial defense counsel was deficient by failing to establish a relationship between a prosecution witness's alleged mental condition and that witness's capacity to observe, remember or narrate the events of which he testified.
This matter came on for trial before this Court on January 6, 2003. The petitioner did not call any witnesses. The entire body of evidence before this Court consists of: (1) the transcript of the petitioner's original trial before Superior Court, Judicial District of Litchfield (Pickett, J) under Docket number CR18-33223, on January 20-28, 1981, and (2) a copy of the decision of the Connecticut Supreme Court in the underlying matter,State v. Cardinal, 194 Conn. 114 (1984). The Court has reviewed the entirety of evidence presented by the petitioner and makes the following findings of fact.
 Findings of Fact 
1. The petitioner was the defendant in the criminal case of State v. Cardinal, Docket Number CR18-33223 tried in the Judicial District of Litchfield where he was convicted after a jury trial of Kidnapping in the 1St degree and Sexual Assault in the 1St degree.
2. Attorney Charles Gill, a public defender, represented the petitioner throughout all of the proceedings in this matter.[1]
CT Page 432
3. Upon his conviction, the petitioner was sentenced to an effective term of not less than twenty years nor more than life imprisonment.
4. The petitioner's trial defense counsel made numerous attempts to inquire into the past mental health treatment of one of the prosecution witnesses, Mr. Gene Gasparelli but was prevented from doing so by objections sustained by the trial judge.
5. On direct appeal, the Connecticut Supreme Court affirmed the petitioner's conviction holding that "in order for evidence of a witness' psychiatric condition to be admitted for impeachment purposes, there must be a showing that the condition substantially affected the witness' ability to observe, recall or narrate events at issue in the trial."State v. Cardinal, 194 Conn. 114 at 119 (1984).
 Discussion of Law 
Any claim of ineffective assistance of counsel must satisfy both prongs of the test set forth by the United States Supreme Court in Stricklandv. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment." Strickland infra at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra at 687. In short, the petitioner must show both deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
"A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Henry v. Commissioner ofCT Page 433Correction, 60 Conn. App. 313 at 317 (2000).
It is not necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Strickland v.Washington, supra,697." See Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')" Vaaleriano v. Bronson, 209 Conn. 75 at 86 (1988).
Even in the face of a trial defense counsel's deficient performance, the petitioner must still show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."Strickland, infra at 694. In this case, the petitioner has provided no basis at all upon which this court can determine whether there has been any prejudice to the petitioner even assuming that his trial defense counsel's performance was deficient. The petitioner has not introduced, nor did he seek to introduce, any sort of medical records of Mr. Gasparelli. The petitioner has not introduced, nor did he seek to introduce, the testimony of any duly qualified medical professional relating to the effects, if any, of any medications that Mr. Gasparelli might have been taking at the time of the crime. The petitioner has not introduced, nor did he seek to introduce, that there was any sort of diminution of Mr. Gasparelli's capacity to observe, remember or recount his recollection of the events of the night of the crime. In short, the petitioner has completely failed to introduce any evidence by which this court could conclude that the petitioner was prejudiced by any deficient performance, if indeed there was any, of his trial defense counsel.[2]
Even had the petitioner introduced enough evidence at this habeas trial to convince the Court that the trial defense counsel should have been more effective in impeaching the testimony of Mr. Gasparelli, it is most unlikely that this would have affected the outcome of the trial. The petitioner was apprehended after the state police had been notified that a man in a red van had kidnapped a young woman. A state trooper came across the vehicle and upon approach observed a young woman, naked from the waist up, her clothing ripped and torn, bleeding and crying in the van with the driver, the petitioner, naked from the waist down. Upon being ordered out of the van by the trooper, the petitioner made what can only be characterized as an understatement to the effect that "This CT Page 434 doesn't look good, does it?" At trial, the testimony of the state troopers, and the victim herself, combined to provide overwhelming evidence of the petitioner's guilt. The testimony of Mr. Gasparelli, the boyfriend of the victim, was duplicative of the testimony of the victim. To the extent that there was any deficiency in his capacity to observe, and report the actions of the petitioner on the night of the crime, it was more than offset by the detailed testimony of the other witnesses.
The petitioner has also asserted that by requiring the petitioner to have laid a foundation before any evidence of Mr. Gasparelli's mental condition would become relevant, the Supreme Court has subjected the petitioner to the ex post facto application of this principle. This is clearly not the case as the Court itself noted two of its own prior decisions[3] and, moreover, the principle of laying a proper foundation to make evidence relevant has been well established for years. There simply is no basis upon which there can be any relief on this assertion.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
 ___________________ S.T. Fuger, Jr., Judge