[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision
The petitioner, Tyrone Whitaker, alleges in his petition for a Writ of Habeas Corpus originally filed on August 30, 1994 and amended November 30, 2002, that he was denied the effective assistance of counsel at the trial level in violation of the Sixth andFourteenth Amendments to the United States Constitution and Article I, Section 8 of the Constitution of the state of Connecticut. For the reasons set forth more fully below, the petition shall be denied.
The claim of ineffective assistance of counsel alleges that the petitioner's trial defense counsel failed to conduct proper cross-examination of Officer Joseph Pettola of the New Haven Police Department. He further specifies four areas in which the petitioner's trial defense counsel was deficient. First, the petitioner asserts that the trial defense counsel failed to ask about Officer Pettola about proper police procedure when taking a statement. Second, the petitioner complains that the trial defense counsel failed to ask about the presence of other police officers during the confession. Third he alleges that his trial defense counsel failed to ask about the petitioner's state of mind when he refused to sign the Miranda Rights waiver form. Finally, he alleges that his trial counsel did not ask about the petitioner's state of mind when he confessed.
This matter came on for trial before the Court on February 10, 2003. Detective Joseph Pettola[1] and the petitioner's trial defense counsel, the Honorable Frank Iannotti[2] testified at the trial. In addition, the Court received, inter alia, transcripts of the petitioner's trial, the suppression hearing, and the decision of the Supreme Court on appeal, into evidence. The Court has reviewed all of the testimony and evidence and makes the following findings of fact.
Findings of Fact
1. The petitioner was the defendant in the criminal case of State v.CT Page 2225Whitaker, Docket Number CR6-252902 tried in the Judicial District of New Haven at New Haven where he was charged with one count of murder in violation of C.G.S. §§ 53a-53a-54a and 53-8.
2. On April 24, 1989, the petitioner was convicted of the charged offense following a trial to the jury.
3. Subsequently, the Court, Hadden, J., sentenced the petitioner to a total effective sentence of fifty years incarceration.
4. The petitioner's direct appeal of his case was denied and his conviction upheld by a Supreme Court opinion dated July 24, 1990. Statev. Whitaker, 215 Conn. 739 (1990).
5. According to the facts in the appellate decision, the petitioner was involved in drug dealing in the Pine Street area of New Haven. After a group of Jamaicans from the Liberty Street area of New Haven threatened to take over the Pine Street area narcotics trade, the petitioner and two companions went to the Liberty Street area to shoot some of the Jamaicans and intimidate others into abandoning the takeover. When they arrived, they saw a man whom one of the petitioner's companions identified as being Jamaican, not from personal knowledge, but from the man's appearance. The petitioner and his companions opened fire on the unknown Jamaican and killed him. They fled on foot, but were confronted by two uniformed police officers who were in the area investigating an unrelated complaint. The officers pursued the assailants but caught only the petitioner. Police later retrieved the petitioner's gun from under a car where he had thrown it during the chase, and found bullets and casings from the gun near the victim's body. During questioning, the petitioner confessed to the shooting.
6. The trial defense counsel unsuccessfully moved to suppress the statement that the petitioner made to Officer Petolla. The trial court's denial of the suppression motion was upheld on appeal.
7. At trial on the merits, the state's attorney introduced the inculpatory statement that the petitioner gave to Officer Petolla.
8. The trial defense counsel conducted an extensive cross-examination of Officer Petolla in order to undermine the reliability of the confession in the minds of the jury.
Discussion of Law
Any claim of ineffective assistance of counsel must satisfy both prongs CT Page 2226 of the test set forth by the United States Supreme Court in Stricklandv. Washington, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d (1984) before the Court can grant relief. Specifically, the petitioner must first show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." Strickland, infra,
at 687. If, and only if, the petitioner manages to get over the first hurdle, then the petitioner must clear the second obstacle by proving "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Strickland, infra, at 687. In short, the petitioner must show deficiency and prejudice. A failure to prove both, even though counsel's trial performance may have been substandard, will result in denial of the petition.
Trial in this Court of a Habeas petition is not an opportunity for a new counsel to attempt to re-litigate a case in a different manner. It is indisputable fact that many times if one had foreknowledge of certain events, different courses might well have been taken. Likewise, a habeas court knowing the outcome of the trial "may not indulge in hindsight to reconstruct the circumstances surrounding the challenged conduct, but must evaluate the acts or omissions from trial counsel's perspective at the time of trial." Beasley v. Commissioner of Correction,47 Conn. App. 253 at 264 (1979), cert. den., 243 Conn. 967 (1998). "A fair assessment of an attorney's performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances to counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Henry v. Commissioner of Correction,60 Conn. App. 313 at 317 (2000).
The reliability of the confession was an important aspect of the petitioner's trial, although certainly not the linchpin of the state's case. Even had the statement been suppressed, the state still had evidence that the petitioner had thrown a pistol underneath a car during a foot chase and that it was this pistol that had been implicated in the shooting. The suppression of the statement would have made the government's case a bit more problematic, but still viable. The petitioner's trial defense counsel made valiant efforts to suppress the CT Page 2227 statement and having failed in that attempt then undertook to undermine the reliability of the statement in order to minimize the weight that might be attached to the statement by the jury. The cross-examination of Officer Petolla by the trial defense counsel consumed thirty-five pages of the petitioner's record of trial. In addition, the trial defense counsel conducted an additional three pages of re-cross-examination. The petitioner's trial defense counsel went into a great deal of detail about the procedure followed by Officer Petolla in obtaining the statement. It is true that the trial defense counsel may not have inquired using theprecise words that the petitioner alleges as deficiencies in his petition, but his cross-examination clearly encompasses the spirit of those topics. In no way can this Court find that the cross-examination by petitioner's trial defense counsel was deficient performance.
Moreover, it is not even necessary to consider whether a trial counsel's performance was deficient if the habeas Court is satisfied that there was no prejudice to the defendant by the actions of the trial counsel in representing the petitioner. "A reviewing court can find against a petitioner on either ground, whichever is easier. Stricklandv. Washington, supra, 697; see Nardini v. Manson, 207 Conn. 118, 124,540 A.2d 69 (1988) ('[a] court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice')." Valeriano v. Bronson, 209 Conn. 75 at 86 (1988). This first requires a consideration of the effect of the charges of deficiency made by the petitioner.
The petitioner did not suffer any prejudice as a result of any of the challenged actions or omissions of the trial counsel. To be sure, the petitioner's case would have been enhanced by the suppression of the inculpatory statement. That, however, is not the issue before this Court. The issue as to the suppression of the statement has been dealt with on direct appeal and there is no constitutional infirmity with theadmission of that statement. It is not clear if the petitioner's trial defense counsel was successful or unsuccessful in undermining the reliability of the statement before the jury. Given that the underlying matter was a criminal case, the jury returned a general verdict. From the verdict of the jury it is clear that members of the jury were convinced beyond a reasonable doubt of the petitioner's guilt. It is possible that, as a result of the cross-examination by petitioner's trial defense counsel, the jury gave no weight to the petitioner's confession to Officer Petolla. There was sufficient evidence to sustain a conviction even in the absence of the statement. Accordingly, there is no way that this Court can possibly conclude that the petitioner suffered any prejudice as a result of the trial counsel's actions or omissions. The CT Page 2228 petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, infra, at 694. Accordingly, this Court will find that the petitioner has failed in his burden of proof, not only in showing a deficiency in performance by the trial defense counsel but also, even had he done so in showing prejudice. Given the failure of the petitioner to show any deficient performance, let alone prejudice flowing therefrom, this Court will deny the petition for habeas corpus.
Accordingly, the Petition for a Writ of Habeas Corpus is denied.
S. T. Fuger, Jr., Judge